Bradley Gillespie #2000086107
EDCF P.O. Box 311
El Dorado, KS 67042

**EXHIBIT**

**A**

## IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS

| | |
|---|---|
| BRADLEY GILLESPIE, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Defendants, ) <br> JEFF ZMUDA, Secretary of Corrections ) <br> Sued In His Official and Individual Capacities, ) <br> DARCIE HOLTHAUS, CMII, ) <br> THOMAS WILLIAMS, Warden, ) <br> TYLER CLARK, Deputy Warden, ) <br> MARIA BOS, Deputy Warden, ) <br> JEREMY HOEPNER, UTM, ) <br> PAUL RUNNELS, UTM, ) <br> FRANCISCO AYALA, EAI, ) <br> KYLI SPARKS, Mail Room Manager, ) <br> ALLISON OSBORNE, Mail Room, ) <br> ROBIN LEONARD, Mail Room, ) <br> SHELBY KREIDLER, Accounting Manager ) <br> DEVYN PARKS, Records ) <br> LARRY TEACH, CSI ) <br> JOSHUA RICHERT, ASI. ) <br> Sued In Their Individual Capacities. ) <br> ) | Case No. <br><br><br> Civil Rights Complaint <br> Pursuant to 42 U.S.C. § 1983 |

### I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under K.S.A. 20-301, 28 U.S.C. § 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201 and 2202.

2. The District Court of Butler County, Kansas is an appropriate venue under 28 U.S.C. § 1391(a)(2) because it is where the events giving rise to this claim occurred within the State of Kansas and Defendants are employed by the Kansas Department of Correction (KDOC).

1

## II. PARTIES

3. Plaintiff, Bradley Gillespie, is an inmate in the custody of the Kansas Department of Corrections. He is currently confined in El Dorado Correctional Facility, in El Dorado, Kansas.

4. Defendant, Jeff Zmuda, is the Secretary of Corrections, at all relevant times, was the Secretary of the Kansas Department of Corrections and responsible for policy implementations and enforcement.

5. Defendant Darcie Holthaus is the Secretary of Corrections Designee for the Kansas Department of Corrections. She is legally responsible for the overall operations and policy enforcement in all the prisons in the State of Kansas. She is a facility manager with the rank of CMII.

6. Defendant Thomas Williams is the Warden of El Dorado Correctional Facility. He is legally responsible for the overall operation, policy implementations, and enforcement of all prisoners in El Dorado Correctional Facility.

7. Defendant Tyler Clark is a Deputy Warden of El Dorado Correctional Facility. He is legally responsible for assisting in the operation, policy implementations, and enforcement of all the prisoners in El Dorado Correctional Facility.

8. Defendant Maria Bos is a Deputy Warden of El Dorado Correctional Facility. She is legally responsible for assisting in the operation, policy implementations, and enforcement of all the prisoners in El Dorado Correctional Facility.

9. Defendant Jeremy Hoepner is a unit team manager in El Dorado Correctional Facility. He is legally responsible for managing the operation of his cell house and the welfare of the prisoners within his assigned area in El Dorado Correctional Facility.

10. Defendant Paul Runnels is in records now but, was helping to manage El Dorado Correctional Facility at the time of the events. He was legally responsible for managing the operation of cell house pods and the welfare of the prisoners within his assigned area in El Dorado Correctional Facility.

11. Defendant Francisco Ayala was a special agent with the Kansas Bureau of Investigations. He held the position of EAI. He was legally responsible for investigating crimes that may have occurred in El Dorado Correctional Facility.

12. Defendant Kyli Sparks is an administrator specialist of the Kansas Department of Corrections. She is legally responsible for overseeing the mail room at El Dorado Correctional Facility. She was assigned to the El Dorado Correctional Facility.

13. Defendant Allison Osborne was a staff member of the Kansas Department of Corrections. She was legally responsible for operations within the mail room at El Dorado Correctional Facility. She was assigned to the El Dorado Correctional Facility.

14. Defendant Robin Leonard is a staff member of the Kansas Department of Corrections. She is legally responsible for operations within the mail room at El Dorado Correctional Facility. She was assigned to the El Dorado Correctional Facility.

15. Defendant Shelby Kreidler is a staff member of the Kansas Department of Corrections. She is legally responsible for financial and business management at El Dorado Correctional Facility. She was assigned to the El Dorado Correctional Facility.

16. Defendant Devyn Sparks is a staff member of the Kansas Department of Corrections. She is legally responsible for records and clemency applications at El Dorado Correctional Facility. She was assigned to the El Dorado Correctional Facility.

17. Defendant Larry Teach is a staff member of El Dorado Correctional Facility. He is an CSI officer who is legally responsible for assisting in the operations and security of El Dorado Correctional Facility.

18. Defendant Joshua Richert is an activities specialist of the Kansas Department of Corrections. He is legally responsible for gym and yard activities. He also runs gym and yard fundraisers. He was assigned to the El Dorado Correctional Facility.

## III. FACTUAL ALLEGATIONS

### A. Exhaustion of Remedies

19. Plaintiff, Bradley Gillespie, has exhausted all available administration remedies as required by 42 U.S.C. § 1997e(a).

20. Plaintiff, Bradley Gillespie, timely filed grievances concerning all mail censorships, clemency, publication censorships, interference, and inmate wages.

21. Defendants either denied grievances at all levels, failed to respond within required time-frames, or rendered the grievance process unavailable through misrepresentation and obstruction.

22. Any further administration remedies were effectively unavailable due to Defendants' actions.

## B. Parties and Roles (Personal Participation)

23. Defendant, Jeff Zmuda, is responsible for promulgating, approving, and enforcing KDOC policies, training staff, and ensuring compliance with Kansas Statues and administration regulations.

24. Defendant, Darcie Holthaus, is responsible for supervising KDOC staff, enforcing KDOC policies, and ensuring compliance with Kansas Statues and administration regulations.

25. Defendant, Thomas Williams, is responsible for daily operations at El Dorado Correctional Facility and for supervising the mail room staff, unit team members, and financial staff.

26. Defendant, Tyler Clark, is responsible for assisting in daily operations at El Dorado Correctional Facility and for supervising the mail room staff, unit team members, and financial staff.

27. Defendant, Maria Bos, is responsible for assisting in daily operations at El Dorado Correctional Facility and for supervising the mail room staff, unit team members, and financial staff.

28. Defendants, Jeremy Hoepner and Paul Runnels, are responsible for assisting Bradley Gillespie with his clemency application, wages, grievances, and mail.

29. Defendant, Francisco Ayala, was responsible for investigating staff and inmate crime and law violations. He directly participated in the unconstitutional censorship of Bradley Gillespie's mail and books.

30. Defendants, Kyli Sparks, Allison Osborne, and Robin Leonard, are responsible for incoming and outgoing mail and publications. They all unconstitutionally censored Bradley Gillespie's mail and publications.

31. Defendant, Shelby Kreidler, is responsible for managing inmate wages and budgetary for EDCF. She is unconstitutionally participating in the freezing of inmate wages and paying inmates reduced wages below legally required rates for over one year.

32. Defendant, Devyn Parks, is responsible for managing records and clemency applications. She directly participated in the filing of Bradley Gillespie's clemency application. She unconstitutionally failed to properly assist and file the clemency application as required by Kansas law.

33. Defendant, Larry Teach, is responsible for the daily operations, security, and the safety of staff and residents in El Dorado Correctional Facility. He directly participated in the destruction of Bradley Gillespie's cell and personal property during a mass shakedown.

34. Defendant, Joshua Richert, is responsible for overseeing and managing fundraisers at EDCF. He is directly responsible for allowing inmates to forge signatures on fundraisers and denying inmates fundraiser items bought without due process or any way to check.

35. Each Defendant personally participated in, directed, knew of, or acquiesced in the unconstitutional conduct described below.

## C. Facts

36. On September 11, 2024, Warden Thomas Williams and Francisco Ayala placed inmate Bradley Gillespie #117695 in the Restrictive Housing Unit pursuant to I.M.P.P. 20-104A; III. A. Pending Results of Investigation.

37. Special Agent Ayala believed that Mr. Gillespie had knowledge of an alleged violation to a KDOC policy. Mr. Gillespie did not have any knowledge pertaining to the underlining investigation. Mr. Gillespie was detained for being a potential witness. Mr. Gillespie chose to remain silent.

38. On September 18, 2018, Bradley Gillespie was released from segregation. Upon Bradley Gillespie's release from segregation retaliatory actions began.

## D. Unlawful Censorship of Incoming and Outgoing Mail

39. Beginning on or about January of 2025 and continuing through February of 2026, Plaintiff, Bradley Gillespie had both his incoming and outgoing mail censored, rejected, delayed, or withheld by KDOC staff.

40. Such censorships were justified by Defendants using rules, interpretations, or policies that do not exist within the Kansas Administration Regulations, including K.A.R. 44-12-601.

41. Bradley Gillespie was not provided fair notice of the prohibited conduct at various times, nor were consistent and objective standards applied. Mr. Gillespie received some notices of censorships, but then other times defendants censored outgoing mail without meaningful notice or an opportunity to challenge the censorships.

42. Defendants' actions were arbitrary, capricious, and violated Bradley Gillespie's right to due process under the 14th Amendment.

## Censorship & Arbitrary Enforcement of Sexually Explicit Material Rules

43. Defendants Kyli Sparks, Robin Leonard, and other KDOC staff have enforced K.A.R. 44-13-313 concerning sexually explicit materials in a subjective and inconsistent manner.

44. Defendants failed to apply the objective standards and intended requirements mandated by regulations. Bradley Gillespie's publications, letters, GTL messages, and photos were censored without proper justification, findings, or procedural safeguards. KDOC staff used personal and subjective standards in clear violation of K.A.R. 44-13-313.

## Mail Censorship Using Non-Existing Mail Rule

45. On March 19, 2025, mail room staff member Allison Osborne censored mail from Velinda Gillespie to Bradley Gillespie. Kyli Sparks approved the censorship. Allison Osborne's reasons for the censored mail was: 1. the mail was over 1 ounce (specific to Allison Osborne); and 2. the mail did not come from a legal source. Neither of the cited reasons violated any KDOC policies under K.A.R. 44-12-601. Ms. Osborne and Kyli Sparks violated well established federal and state laws.

46. On September 18, 2025, mail room staff member Robin Leonard censored a letter from Mikey Markham to Bradley Gillespie. Robin Leonard's only reason for the censorship was that the mail was over the 1 ounce rule. There is no 1 ounce rule for incoming letters from family and friends. The censorship violated KDOC policy and clearly established federal laws.

## The Unlawful Censorship of GTL Messages and Pictures (Sexually Explicit)

47. Between July 9, 2025 through October 15, 2025, EDCF mail room staff members censored 11 messages and 5 pictures on Mr. Gillespie's GTL messaging account as being inappropriate. Bradley Gillespie, Mr. Gillespie's family, and Mr. Gillespie's friends were charged for these messages even though EDCF staff censored them before anyone could receive them. KDOC has not provided any means to recover the cost of these censorships.

48. KDOC and EDCF are censoring messages and photos without providing a means in which an inmate can challenge the censorships. Bradley Gillespie, families, and other inmates have a property liberty interest on the censorships because they are being charged for the transactions. KDOC and EDCF has denied Bradley Gillespie and others their property without due process of law.

49. Per K.A.R. 44-13-313 sexually explicit material has to meet specific criteria to be denied. EDCF staff failed to follow this criteria. Specifically, staff had no proof that the material: 1. contained nudity; and 2. contained any display, actual or simulated, or description of sexual intercourse between persons. The **purpose** (emphasis added) of sexual arousal or gratification is a requirement that has to be met which means they need to know one's sexual orientation and what arouses them before rendering a decision. Staff failed to prove or meet these requirements when the messages and pictures were censored. These censorships were approved by Kyli Sparks.

## The Unlawful Censorship Of Incoming Letters

50. On July 18, 2025, Robin Leonard censored poems and a letter that Abigail Pauley sent Bradley Gillespie for Sexually Explicit material. Ms. Leonard censored all of the contents even though only one item was an issue. Robin Leonard could have censored it in part per the censorship form and given Mr. Gillespie the rest of his mail. This censorship was approved by defendant Kyli Sparks.

## The Passive Solar House Book

51. On January 17, 2025, Robin Leonard censored the book "The Passive Solar House: The Complete Guide to Heating and Cooling Your Home" citing that a DVD arrived with the book. Kyli Sparks approved the censorship. Bradley Gillespie protested the censorship. On February 2, 2025, Secretary of Correction Designee Darcie Holthaus denied the protest.

52. On March 4, 2025, Allison Osborne returned the mail censorship stating, "taking items to the front." The censorship was unlawful and violated the 1st and 14th Amendment rights of Bradley Gillespie.

## The Redeeming Love Book

53. On February 17, 2025, Robin Leonard censored the book "Redeeming Love" alleging a possible contamination. Kyli Sparks approved the censorship. Bradley Gillespie protested the censorship

requesting that the book be sent out to a lab to be properly tested. On February 28, 2025, Secretary of Correction Designee Darcie Holthaus denied the protest.

54. Bradley Gillespie had his mother remove the property by personally picking it up at the prison. Bradley Gillespie then had his mother, Velinda Gillespie, send it off to The Carson Company lab in Colorado to due proper testing.

55. On May 27, 2025, Velinda Gillespie sent a money order in the amount of $1,215 dollars to the Carson Company. On June 30, 2025, Velinda Gillespie was sent back the results. The results came back negative for any chemical or biohazard substances. There was no illegal contamination.

## The Conversations With God Book

56. On February 6, 2025, Robin Leonard censored the book "Conversations with God" alleging a possible contamination. Kyli Sparks approved the censorship. Bradley Gillespie protested the mail censorship. On February 28, 2025, Secretary of Correction Designee Darcie Holthaus denied the protest.

57. On May 14, 2025, Bradley Gillespie had his mother remove the property by personally picking it up at the prison. Allison Osborn sent back the mail protest to Bradley Gillespie which stated the book was being taken to the front for pickup. Bradley Gillespie then had his mother Velinda Gillespie send it off to The Carson Company lab in Colorado to due proper testing.

58. On May 14, 2025 (my mom's 3rd property pickup attempts), EAI Special Agent Francisco Ayala told Velinda Gillespie the book was being held for evidence. Special Agent Ayala alleged that the book contained drugs. Special Agent Ayala lied and said that Bradley Gillespie was notified of the holding. Special Agent Ayala denied receiving the form 9's sent by Bradley Gillespie.

59. On September 27, 2025, Velinda Gillespie sent a money order in the amount of $1,235 dollars to the Carson Company. On October 22, 2025, Velinda Gillespie was sent back the results. The results came back negative for any chemical or biohazard substances. There was no illegal contamination or drugs.

## Corporate Financial Accounting Book & Unconstitutional Shakedown

60. On April 24, 2025, a mass shakedown was conducted by the directive of Deputy Warden Tyler Clark. Officer Larry Teach conducted a shakedown in Bradley Gillespie's cell. After the shakedown

Officer Teach confiscated Bradley Gillespie's college text book, "Corporate Financial Accounting." (loose-leaf text book)

61. Officer Teach destroyed the text book without allowing Bradley Gillespie his due process right to challenge the confiscation or his right to send the book out. Officer Teach also destroyed or damaged numerous other books: a) Corporate Financial Accounting (Hard-book Cover Book); b) Freakonomics; c) Norwegian Wood; d) Swamplandia; e) Water for Elephants; f) My Absolute Darling; g) In Light of What We Know; and h) Hats, Gloves, and Scarves.

62. Officer Larry Teach acted in bad faith at the direction of Deputy Warden Tyler Clark destroying his personal property and denying Bradley Gillespie all of his due process rights.

### KDOC Staff Refusing to Correct Clear Constitutional Violations

63. On October 27, 2025, Bradley Gillespie submitted a grievance pertaining to the KDOC slowly choking off relationships with loved ones. EDCF mail room staff have been accomplishing this by miss interpreting their rules to deny messages and pictures through the GTL messaging system.

64. On November 7, 2025, UTM Jeremy Hoepner responded saying that pursuant to K.A.R. 44-15-101a, D(2) The grievance procedure shall not be used in any way as a substitute for, or as part of,... the censorship of publications specified in the Secretary's I.M.P.P.'s. Secondly, that inappropriate communication that is deemed sexual in nature is a violation of K.A.R. 44-12-313. Warden Thomas Williams and Secretary of Corrections Designee Darcie Holthaus agreed with the response that UTM Hoepner gave was deemed appropriate.

65. On November 19, 2025, Warden Thomas Williams denied Bradley Gillespie's grievance appeal finding that UTM Jeremy Hoepner's response to Mr. Gillespie's appeal was appropriate. Warden Williams in his supervisory authority was made aware of the constitutional violations to Mr. Gillespie and failed to intervene and correct the violations.

66. On December 5, 2025, Secretary of Corrections Designee Darcie Holthaus denied Bradley Gillespie's grievance appeal finding that staff's actions at EDCF was appropriate. Designee Holthaus was made aware of the constitutional violations to Mr. Gillespie's rights and failed to intervene and correct the violations.

67. Defendants' actions were arbitrary and violated Bradley Gillespie's 1st Amendment right to send and receive mail as well as his 14th Amendment right to due process.

## E. Unlawful Withholding and Freezing of Inmate Wages

68. Kansas law and KDOC regulations establish the wage rate for inmates and compensation requirements. Defendants froze inmates wages for approximately 18 months and paid wages below rates required by law.

69. Defendants justified wage denials based on alleged budgetary issues and failures to related "Athena" financial system. Inmates doing the same work receive less or more wages depending on where there wages were frozen. For example some custodian porters received approximately $40 per month and others approximately $80. This is an ongoing problem still occurring.

70. Bradley Gillespie earned wages to which he was legally entitled but was deprived of those wages without due process of law. Mr. Gillespie possesses a protected property and liberty interest in earned wages.

71. On June 20, 2024, Secretary Of Correction Jeff Zmuda sent a memo out on incentive level pay raise that went into effect on June 15, 2024.

72. On July 30, 2025, Bradley Gillespie filed a grievance after administration took his jobs without cause. Thomas Williams and Tyler Clark failed follow General Order 05-107 subsection III. which states, "A resident may be administratively removed from a work assignment without a disciplinary report for the following reasons: medical or mental health restrictions, lack of job skills as determined by the detail supervisor". None of these reasons nor any reason was given as to his job loss.

73. Bradley Gillespie's pay went from making $300 to making around $30 per month for a welding job. Welding is clearly a skilled labored position. Custodian porters who cleaned day rooms or showers were paid nearly $20 more per month for less work and a less skilled position. This clearly violates the mandates of the KDOC policies and Kansas law.

74. On October 27, 2025, Bradley Gillespie filed a grievance pertaining to the Secretary of Correction's, Jeff Zmuda's, memo that was sent out on June 30, 2024 detailing the KDOC incentive pay raise changes. The KDOC implemented the new "pay raise" policy and then froze the pay scale shortly thereafter, so residents are being denied pay raises contrary to I.M.P.P. 10-109A et seq..

75. On December 19, 2025, Secretary of Corrections, Jeff Zmuda, sent out a statewide memo to staff, inmate families, and all inmates. The message outlines the ongoing problems with the Athena system effecting staff, families, and inmates. One of the issues discussed was the problem with Athena effecting inmate incentive pay.

76. On February 20, 2026, Warden Thomas Williams sent out a facility message apologizing for the continued unresolved issues with the Athena system. Warden Williams tells inmates that the issue with incentive pay cannot be fixed currently.

77. The memo from the Secretary of Corrections, Jeff Zmuda, and message from Warden Thomas Williams acknowledges that inmates aren't properly receiving incentive pay. The KDOC has froze and withheld thousands of dollars in inmate wages.

## F. KDOC Denying Books Sent Through Vendors and Denial of Fundraiser Goods

78. On July 14, 2025, Bradley Gillespie filed an informal resolution through a Form 9. Unit team Jeremy Hoepner responded that the issues have been previously answered and no further actions were needed. Mr. Gillespie brought new issues not previously filed.

79. The new issues included: (1) The mail room trying to charge residents for a double postage fee and censoring multiple books for alleged contraband, (2) KDOC not honoring indigent envelopes once they have been provided, (3) KDOC not allowing books to be sent in through approved vendors, and (4) ASI Joshua Richert forging signatures or allowing inmates to forge signatures on fundraisers. In some cases, Joshua Richert made inmates sign for their fund raiser property without letting them check the delivered items first.

80. Joshua Richert denied inmate fundraiser goods using forged signatures not signed by inmates who paid for the goods. Joshua Richert denied inmates their liberty interest property without due process.

81. On July 31, 2025, Bradley Gillespie filed his grievance. Unit team Jeremy Hoepner signed the grievance without a response on August 1, 2025. Unit team Hardy delivered the grievance signed to Mr. Gillespie on August 14, 2025. Warden Thomas Williams failed to answer the grievance. Bradley Gillespie filed an appeal to the Secretary of Corrections. On September 12, 2025, the Secretary of Corrections Designee Darcie Holthaus denied the appeal.

## G. Failure To Assist and File Clemency Application

82. On November 5, 2025, Bradley Gillespie grieved the issue of Devyn Parks failing to file his clemency application and lying about it.

83. On November 6, 2025, Jeremy Hoepner failed to correct or assist Bradley Gillespie with his clemency application. This violated I.M.P.P. 02-118D staff conduct which required him to report and correct the issue. This shows bad faith by Jeremy Hoepner.

84. On November 19, 2025, Thomas Williams denied and approved Jeremy Hoepner's denial. On November 25, 2025, UT Berry signed the denial of the clemency grievance and when the warden failed to correct the issue. This violated I.M.P.P. 02-118D staff conduct which required them to report and correct the issue. This shows bad faith by Thomas Williams and Jeremy Hoepner.

85. Kansas Law, including K.S.A. 22-3701, K.S.A. 22-3705, and I.M.P.P. 23-101A mandates KDOC staff assistance in the preparation and filing of clemency applications.

86. Bradley Gillespie requested assistance with his clemency and relied upon Darcie Holthaus, Thomas Williams, Maria Bos, Jeremy Hoepner, and Devyn Parks to assist and aid him in filing of his clemency application. Each defendant failed to assist, prepare, or aid Mr. Gillespie in filing his clemency application.

87. Bradley Gillespie requested staff assistance and correction through the grievance system and relied upon the defendants' representations that required actions be taken by Kansas law.

88. Devyn Parks misrepresented compliance and lied regarding the filing of Bradley Gillespie's clemency application.

89. As a result, Bradley Gillespie was deprived of access to the clemency process, a state created liberty interest, without due process of law under the 14th Amendment.

## V. LEGAL CLAIMS

**Preliminary Allegations Applicable to All Counts (Policy & Custom)**

90. Defendants' acted pursuant to official KDOC policies, customs, or practices, including the enforcement of unwritten rules, failure to train staff, and deliberate indifference to constitutional violations.

91. Defendants' conduct was not isolated or accidental, but systemic and ongoing.

92. Defendants' violated clearly establish constitutional rights of which a reasonable official would have known.

**COUNT 1: Supervisory Liability**
**(Fourteen Amendment)**

12

93. Defendants Jeff Zmuda, Darcie Holthaus, Thomas Williams, Maria Bos, Tyler Clark, Jeremy Hoepner and Paul Runnels knowingly refused to correct unconstitutional acts committed by their staff, acquiesced in the constitutional deprivations by subordinates, and failed to properly train, supervise and control subordinates.

94. Defendants Jeff Zmuda, Darcie Holthaus, Thomas Williams, Tyler Clark, Jeremy Hoepner, and Paul Runnels participated in the constitutional violations or had full knowledge of the constitutional violations through the grievance system.

95. Defendants' actions violated plaintiff, Bradley Gillespie's, rights to due process under the 14th Amendment to the United States Constitution.

## COUNT 2: Supervisory Liability
## (First Amendment)

96. Defendants Jeff Zmuda, Darcie Holthaus, Thomas Williams, Maria Bos, Tyler Clark, Jeremy Hoepner and Paul Runnels knowingly refused to correct unconstitutional acts committed by their staff, acquiesced in the constitutional deprivations by subordinates, and failed to properly train, supervise and control subordinates.

97. Defendants Jeff Zmuda, Darcie Holthaus, Thomas Williams, Tyler Clark, Jeremy Hoepner and Paul Runnels participated in the constitutional violations or had full knowledge of the constitutional violations through the grievance system.

98. Defendants' actions violated plaintiff Bradley Gillespie's right freedom of speech under the 1st Amendment to the United States Constitution.

## COUNT 3: Mail Censorship
## (Fourteenth Amendment)

99. Defendants Kyli Sparks, Robin Leonard, and Allison Osborne censored Bradley Gillespie's mail pursuant to non-existent mail rules, unwritten policies, or subjective interpretations.

100. Defendant Francisco Ayala censored Bradley Gillespie's mail pursuant to no rule, policy, or notice.

101. Defendants Kyli Sparks, Robin Leonard, Allison Osborne, and Francisco Ayala failed to provide fair notice, a meaningful opportunity to challenge censorships, or objective standards.

102. Defendants Kyli Sparks, Robin Leonard, Allison Osborne, and Francisco Ayala's actions were arbitrary and capricious and clearly violated well established law.

103. Defendants Kyli Sparks, Robin Leonard, Allison Osborne, and Francisco Ayala's actions violated Bradley Gillespie's due process right under the 14th Amendment of the United States Constitution.

## COUNT 4: Censorship of GTL Messages and Pictures
## (Fourteenth Amendment)

104. Defendants Kyli Sparks, Robin Leonard, and Allison Osborne enforced K.A.R. 44-13-313 subjectively and without the required findings or purpose requirements.

105. Defendants Kyli Sparks, Robin Leonard, and Allison Osborne enforced K.A.R. 44-13-313 arbitrary and without lawful standards,

## COUNT 5: Censorship of Publications
## (Fourteenth Amendment)

106. Defendants Kyli Sparks, Robin Leonard, Allison Osborne, and Francisco Ayala censored publications without lawful justification.

107. Defendants Kyli Sparks, Robin Leonard, and Allison Osborne violated Bradley Gillespie's clearly established rights under the 14th Amendment of the United States Constitution.

108. Defendants Kyli Sparks, Robin Leonard, Allison Osborne, and Francisco Ayala violated due process rights under the 14th Amendment of the United States Constitution and limited his rights to receive publications.

## COUNT 6: Property and Liberty Interest in Wages
## (Fourteenth Amendment)

109. Kansas law and KDOC regulations establish the wage rates for inmates and compensation requirements.

110. Defendants Jeff Zmuda, Thomas Williams, Tyler Clark, Maria Bos, and Shelby Kreidler froze inmate wages for over one year and paid wages below rates required by law.

14

111. Defendants Jeff Zmuda, Thomas Williams, Tyler Clark, Maria Bos, and Shelby Kreidler justified wage denials based upon budgetary issues and failures to the related "Athena" financial system.

112. Bradley Gillespie earned wages to which he was legally entitled but was deprived of those wages without due process.

113. Bradley Gillespie possesses a protected property liberty interest in earned wages.

## COUNT 7: Clemency Interference
## (Fourteenth Amendment)

114. Kansas statutes and KDOC regulations use mandatory language creating a protected liberty interest in clemency assistance.

115. Defendants Darcie Holthaus, Thomas Williams, Maria Bos, Jeremy Hoepner, and Devyn Parks intentionally failed to assist, prepare, or file Bradley Gillespie's clemency application and misrepresented compliance.

116. Defendants Darcie Holthaus, Thomas Williams, Maria Bos, Jeremy Hoepner, and Devyn Parks' conduct violated clearly established due process rights under the 14th Amendment of the United States Constitution.

## COUNT 8: Denial of Access to the Courts (Clemency)
## (Fourteenth Amendment)

117. Defendants Darcie Holthaus, Thomas Williams, Maria Bos, Jeremy Hoepner, and Devyn Parks obstructed Bradley Gillespie's access to the clemency process by refusing to assist, prepare, or file the required clemency application.

118. Clemency proceedings are a critical legal process of Kansas Law.

119. Defendants Darcie Holthaus, Thomas Williams, Maria Bos, Jeremy Hoepner, and Devyn Parks' actions caused actual injury by preventing Bradley Gillespie from timely pursuing clemency relief.

120. Defendants Darcie Holthaus, Thomas Williams, Maria Bos, Jeremy Hoepner, and Devyn Parks' actions violated Bradley Gillespie's right of access to the courts under the 14th Amendment to the United States Constitution.

## COUNT 9: Property Liberty Interest (Books & Fundraiser Goods)
## (Fourteenth Amendment)

121. Kansas law and KDOC regulations require that inmates cannot be deprived of their property without due process of law.

122. Bradley Gillespie had a property liberty interest in the books and fundraiser goods he purchased.

123. Defendants Tyler Clark, Larry Teach, and Joshua Richert deprived Bradley Gillespie of his property without due process of law or fair notice.

124. Defendants Tyler Clark, Larry Teach, and Joshua Richert's actions violated Bradley Gillespie's due process and fair notice rights under the 14th Amendment to the United States Constitution.

## COUNT 10: Retaliation For Protected Activity
## (First & Fourteenth Amendments)

125. Bradley Gillespie engaged in protected activities by filing grievances and complaints regarding mail censorships, clemency interference, publication bans, and inmate wages.

126. Defendants Thomas Williams, Tyler Clark, and Maria Bos were aware of Bradley Gillespie's protected conducted.

127. After engaging in protected activities, Bradley Gillespie was subjected to adverse actions including increased censorships, delays, shakedowns, passive aggressive threats, and interference with mail.

128. Defendants Thomas Williams, Tyler Clark, and Maria Bos' actions would chill any ordinary person's desire from continuing to engage in the protected conduct.

129. Defendants Thomas Williams, Tyler Clark, and Maria Bos actions were motivated by protected activities.

130. Defendants Thomas Williams, Tyler Clark, and Maria Bos violated Bradley Gillespie's 1st and 14th Amendment rights under the United States Constitution.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enters a judgment granting the plaintiff:

131. Granting Plaintiff, Bradley Gillespie, a declaration that the acts and omissions described herein violated his rights under the Constitution and the laws of the United States, and Kansas Law and

132. Granting Plaintiff, Bradley Gillespie, compensatory damages in the amount of $100,000 against each defendant, jointly and severally.

133. Granting Plaintiff, Bradley Gillespie, monetary damages in the amount of $30,000 against each defendant, jointly and severally.

134. Plaintiff, Bradley Gillespie, seeks punitive damages in the amount of $50,000 against each defendant, jointly and severally.

135. Plaintiff, Bradley Gillespie, seeks prospective injunction relief requiring KDOC to:
a.) Cease enforcement of non-existent and unwritten rules; b.) Comply with K.A.R. 44-12-601 and 44-13-313, and c.) Restore lawful inmate wage rates and compensate for unpaid wages.

136. Plaintiff, Bradley Gillespie, seeks injunctive relief requiring Defendants' to comply with Kansas statues and KDOC administration regulations dealing with clemency, mail, and facility management.

137. Plaintiff, Bradley Gillespie, also seeks a jury trial on all issues triable by the jury.

138. Plaintiff, Bradley Gillespie, also seeks recovery of the cost of this suit and,

Any additional relief this court deems just, proper, and equitable.

Dated: 3-3-26

Bradley Gillespie #2000086107
EDCF P.O. Box 311
El Dorado, KS 67042
Plaintiff, pro se

17

**VERIFICATION**

I read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters on information and belief, and, as to those, I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct.

Executed at El Dorado, Kansas on _3-3-26_.


_Bradley Gillespie_
Bradley Gillespie

# Grievance-Response on Appeal

**FACILITY:**           El Dorado Correctional Facility

**INMATE:**           Gillespie, Brad 2000086107

**GRIEVANCE NO.:** CA00023300

**DATE:**           December 5, 2025

## FINDINGS OF FACT

The response provided to the inmate by staff at the facility is incorporated herein by reference and made part of this response.

On appeal, the inmate offers no evidence or argument that suggests that the response rendered by staff at the facility is wrong.

## CONCLUSIONS MADE

The response rendered to the inmate by staff at the facility is appropriate.

## ACTION TAKEN

None further.

Darcie Holthaus
**SECRETARY OF CORRECTIONS DESIGNEE**

cc:     Warden Williams
Image: SOCRESP w/attachments

The original response on appeal and all attached documents mailed to the inmate by way of
United States Mail on _____.

Nature of Claim:

EDCF is discouraging loved ones from corresponding with residents and slowly choking off relationships with loved ones. They are doing this by restricting loved ones from talking sexual with their partners. This is a dynamic of every healthy relationship, and inmates need this love and affection from their loved ones. The problem with sexually explicit material is its subjective and it has to meet multiple criteria in order to be classified as such. The KDOC is discriminating against healthy heterosexual relationships outside of these fences and promoting homosexuality within their facilities. When someone can't have a heterosexual relationship dynamic outside of these walls it leads inmates to turn to the opposite sex that they are around on a daily basis. The KDOC really doesn't like that, but Undue Familiarity situations are occurring because the KDOC is choking off our relationships with women outside of here. The following reasons are occurrences where the EDCF mailroom has restricted and discouraged my friends and loved ones from corresponding with me because they are always censoring our letters and messages for some dumb reason. This is also another aspect of them extorting residents out of money because the avenues of correspondence costs money. I turned in an "Informal Resolution on 10-13-25 and have yet to get a response [Exhibit A (2 Pages)].

ISSUES:

1.) I sent Abigail Pauley two (2) messages, on GTL, that were denied for being "inappropriate" one was on 7-9-25 @ 3:05 pm and the other was from 7-15-25 @ 12:17 pm. I sent and electronic form 9 #582481931 to the mailroom on 7-16-25 inquiring as to why these two messages in question were denied for being "inappropriate". They responded to me on 7-23-25 saying my messages were denied because of "circumventing/ coding" and "suspected suspicious activity / talking in code". On 9-12-25 @ 3:40 PM, a message I sent to my buddy Bryan Ebeling was denied for "Inappropriate", and 10-09-25, I sent another message that was denied for "inappropriate". I would assume it was for "talking in code or suspicious activity" because there was nothing wrong with what I was saying I just spaced out a couple of words that I thought would make the message pend.

2.) On 7-18-25 Abigail Pauley sent me some poems she wrote for me and a letter that explained one of the poems (six (6) pages in total). The letter that explained one of the poems was sexual in nature. They censored the contents in whole even though they could have given me the rest of the contents. I protested this censorship on 8-07-25 [Exhibit B (3 Pages)]. In this protest I get into the criteria of what it takes for material to be sexually explicit per K.A.R. 44-13-313 and how they need to know people's sexual preference otherwise they are speculating what gets individuals aroused. For instance, if I was like a lot of the inmates in the KDOC that get arousal from under age children then there is nothing that Abigail Pauley can say to me that would get me aroused because she is a 25 year old woman.

3.) On 7-23-25 the mailroom denied a pic that Abigail Pauley sent me, on GTL, of a screen shot of the three piece white and gold bathing suit she was going to order. They denied this for being "Inappropriate" yet they approved one pic and 4 videos she sent me with it on while she was at the lake a few days later. Can you explain to me what a mannequin would be showing to make it "Inappropriate" that my girlfriend wasn't?

4.) On 8-17-25 Abigail Pauley sent a pic, on GTL, of her in a tight pink shirt, and I guess she was nipping in the photo. It was denied because it was "Inappropriate" even though she wasn't in a state of undress and her nipples were completely covered. Per K.A.R. 44-13-313 this picture shouldn't have been censored because it didn't contain any nudity.

5.) These are some of the occasions that the mailroom has censored messages to Abigail Pauley on GTL. On 7-31-25 @ 9:57 am denied a message that I sent Abigail Pauley because it was "inappropriate" (probably talking about sex). 8-25-25 denied two messages for "Inappropriate" because I was talking about sex. 9-18-25 @ 1:36 pm denied a message for "Inappropriate" because I was talking about sex again.

6.) On 8-25-25 they denied three pics Abigail Pauley sent me, on GTL, of her on a bed in a thong taking some "back shot" photos for me. They didn't display any genitalia, but they were still denied for being "Inappropriate".

7.) On 8-15-25 I got a censorship for five (5) men body builder mags that my mom ordered for me [Exhibit C (2 Pages)]. They were denied because they came from a personal address off Ebay and they didn't come from an approved vendor. I ended up property removing the body builder mags out to my mother on Monday 9-15-25 (Exhibit D). I'm going to have copies of some of the covers and pages sent back in to see if they come through. Body builder magazines can be real raunchy and show a lot. If they allowed these pics in I'm going to argue that those would be a homosexuals wet dream, and how the KDOC promotes homosexuality while restricting heterosexual relationships. We used to be able to get Buttz magazines, Go Viral, and other magazines that didn't show nudity, but they have slowly choked them off from us.

8.) I sent the mailroom a Form 9 asking 4 questions (Exhibit E). One question I think needs to be addressed on its own: the fact that the mail room reads all of our mail... 44-12-601 Mail (b)(6) states "Any incoming or outgoing mail other than legal, official, or privileged mail MAY be inspected or read at any time". The word may can be used interchangeably with can and doesn't mean it has to be.

9.) K.A.R. 44-12-328 Undue Familiarity is something the KDOC doesn't like. The reality though is the KDOC is pushing inmates to get the comfort they want from the opposite sex from staff members that work here because they are slowly choking us off from our female counterparts on the streets.

10.) On 9-18-25 the mailroom censored a letter from Mikey Markham for a letter weighing 1.6 ounces [Exhibit F (2 Pages)]. The back page of the mail room censor instructions lists out unacceptable or unauthorized items: and the 6th one listed says media printed off the internet that exceeds one ounce are not allowed which aligns with K.A.R. 44-12-601 Subsection (g)(1) [Exhibit G (2 Pages)]. Personal letters are not classified as publications, but the mail room can't comprehend the difference or they are purposefully restricting the mail we are entitled to receive which is a 1st Amendment Constitutional right. I spoke of all of this already in the protest I did pertaining to this censorship [Exhibit H (3 Pages)]. Topeka ended up denying the censorship on 10-06-25. I have sent numerous letters out that weigh more than an ounce and they are quick to take the extra money for postage, yet they restrict us

from getting letters that are over an ounce in weight when our loved ones pay for the postage. I sent a Form 9 to the mail room on 9-21-25 asking about if I had a letter that was over one ounce would they send it out or would they make me split it up and if I had a letter that weighed two ounces would two stamps be enough for it to go out. They responded by stating that, "2 stamps will cover the cost of postage for a 2 ounce envelope" (Exhibit I). This answer validates that KDOC officials are discriminating against inmates and making it harder for us to get mail but not restricting us when sending out mail weighing over an ounce. Mikey decided to rewrite these letters and resend them to me [Exhibit J (10 Pages)]. This was all just an added inconvenience for him because your staff don't know how to comprehend the rules they are enforcing.

11.) On 9-26-25 @ 3:22 PM, Abigail Pauley sent me a GTL message that was approved and went through because I read it. She was talking about how she would have to see some thing because she didn't understand and how it sounded more painful than pleasurable. After I read the message, I typed a response, and her message disappeared. She told me it was retracted and denied on her side for "Inappropriate". Abigail Pauley also sent me three messages on 10-15-25, and they were all denied on the 16th for being "inappropriate". These messages were just addresses to civil rights advocacy places that I was going to write.

REMEDIES:

1.) I would like to see the rules that state you can't talk in code because no IMPP I've seen says anything about talking in code. There are words that make a message pend; such as, something, remember, and together. If you just split some thing into two (2) words it'll go but some words its easier to just space them out like r e m e m b e r so they go through. I'm not talking in code I'm saving the mailroom from having to read a pending message and allowing my loved ones and I to continue our conversation. We pay for these messages and I should be reimbursed for the three (3) messages that they censored when there was nothing suspicious or inappropriate about the messages. The facility

should allow all messages to go through and flag ones after the fact if they want to pursue them. You're extorting residents out of money by censoring messages for bogus reasons.

2.) I sent a Form 9 to R. Leonard on 8-5-25 asking her some questions pertaining to arousal and my sexual preference (Exhibit E). She stated that 1.) She did not read my letter so she wasn't able to say whether she got aroused or not. 2.) She does not know my sexual preference and doesn't care what preference I have. 3.) That they were told to always censor contents in whole. If the mailroom doesn't know a persons preference then they can't assume what they will get arousal from and censor their mail because of their speculation. They need to give me this letter if they still have it because I'm and adult having an adult conversation with an of age woman. They also censored other letters and poems in the same envelope; they could've given me those because they weren't sexually explicit. They are being told to censor the contents as a whole, by who I don't know, but that needs to stop in the future. There is no reason to further punish us when the censorship form has a box in the top left side that can be checked for being censored in partial. I would have liked to get the poems and letters from my girl that weren't sexually explicit.

3.) The mailroom needs to read up on the criteria of sexually explicit material before they censor pics. These pics cost money and I would love for Abigail Pauley to be reimbursed for the pics that was censored of the bathing suit or for it to be approved if it can be. There was nothing "Inappropriate" from a screen shot of a swim suit on a mannequin.

4.) Again, the mailroom needs to read up on the criteria of sexually explicit material before they censor pics. These pics cost money and I would love for Abigail Pauley to be reimbursed for the pics that were censored of her in a t-shirt when she was nipping or for it to be approved if it can be. She was fully clothed and wasn't displaying nudity so the pic should have been allowed.

5.) I need to be reimbursed for the messages that were deemed "Inappropriate" because I paid for them and there is nothing wrong with talking about sexual with someone of the opposite sex, or the mailroom could go back and approve them. We're all adults here and the KDOC is discriminating on

me for having a heterosexual relationship. If I was gay they would allow me to move in with another homosexual, and we could be having physical sexual relations. That would be alright in their eyes though because then we would be products of our environment.

6.) Again, the mailroom needs to read up on the criteria of sexually explicit material before they censor pics. These pics cost money and I would love for Abigail Pauley to be reimbursed for the pics that were censored of her on a bed posing for me taking some "back shots" or for them to be approved if it can be. She wasn't displaying anything more than what one would see in a bathing suit. Even though she was nude, no genitalia or buttocks was being displayed, so the pics should have been allowed.

7.) My mother sent me pics from the body builder magazines [Exhibit K (9 Pages)]. They allowed all the male pics in (5 in total) and 2 pics of females, then censored a 3rd female for sexually explicit. If they will allow these in when they show no nudity then they need to allow us to order buttz mags and stuff of that nature again because they don't display genitalia. I sent a letter through In-House mail to the mailroom on 10-09-25 asking three (3) questions. These questions were about the censorship in question over the female body builder picture, and Ms. K. Sparks responded by stating, "women posing in sexual position not allowed might I add no matter the gender if it a sexual pose it can't go in" [Exhibit M (2 Pages)]. For her to refer to sexually explicit material as some thing as simple as a "pose" is extremely vague and the rules for sexually explicit material are multifaceted. The bottom line is, the KDOC needs to quit promoting homosexual activity and restricting traditional heterosexual relationships.

8.) The mailroom needs to quit going above and beyond and wasting time reading all of our incoming mail. That is not a requirement for their job so they should spend their time doing things that are an actual obligation.

9.) The KDOC needs to quit choking off healthy relationships with our loved ones on the streets and be more accommodating for us to have these relationships. If they are going to keep restricting residents

and making it hard to have a healthy relationship then they shouldn't punish residents for seeking out comfort from the opposite sex in here with their staff members.

10.) The mailroom needs to stop enforcing this once ounce rule that doesn't apply for personal letters. It pertains to PUBLICATIONS not personal letters!! I want the letter that was just censored from Mikey Markham out of North Carolina because there was no reason to censor it.

11.) We pay for these messages and there was no reason to deny the message after it was approved and made visible to me, or deny addresses to civil right organizations. I would like to have the message re-approved or Abigail to be reimbursed for the message she sent me on 9-26-25 @ 3:22PM. I sent a Form 9 to the mailroom on 10-6-25 asking if they keep track of censored mail and GTL messages and for how long? They responded to it on the 8th saying, I assume, they keep track of mail censorships since 2016 and all the GTL messages (Exhibit L). Since they keep great track of ALL GTL messages I would like to have them gone back through and either approve them or reimburse us for them. There is no reason to censor us for talking sexually or denying addresses when there is no safety and security concern.

Thank you for your time. I hope that you take the grievance process a little more seriously this time because not responding doesn't make the issues go away. The grievance process isn't a joke yet that is exactly how staff members seem to treat it. Please try to keep in mind that ignorance is no defense. We are issued a rule book and have access to the IMPP's for this very reason, so you can't use this against us only to play dumb when its convenient. I think its also worth noting that ethic violations are normally used for a short term gain, but normally lead to big problems in the long run.

I would also like to note that, I'm not abusing the grievance procedure, so pursuant to K.A.R. 44-15-104 Reprisals Prohibited, I would appreciate it if I don't experience any further harassment from staff for bringing light to the concerns of how the KDOC and EDCF are being managed.

Pursuant to K.A.R. 44-12-601, you are hereby notified that an item of mail received in the Mailroom on

Date of Notice: 7/18/2025

DOC Facility Management Area

Addressee: (Resident Name) *GILLESPIE, BRADLEY*    (KDOC #) 117695    (Housing Unit) E2-247

Sender Name: ABIGAIL PAULEY
Address: 5 CORNING ST. APT 5
City, State, Zip: LOCK HAVEN, PA 17745

has been censored ( ☒ in whole / ☐ in part).  The grounds for this censorship are the reasonable belief that:

☐    The mail poses a threat to institutional safety, order or security [KAR 44-12-601 (d)(1)(A)].
- ☐    Contains Dangerous Contraband, as described in KAR 44-12-601 44-12-901, or Tobacco Contraband as described in KAR 44-12-903.
- ☐    Contains or Relates to Security Threat Group Material or Activity, as described in KAR 44-12-325):
- ☐    Contains Sexually Explicit Materials as described in KAR 44-12-313
- ☐    Per IMPP 12-120A (undated 4/14/22), photos commercially published, printed, produced in bulk, replicated, produced for sale/purchase or considered a commodity is not allowed.
- ☐    Contains Contraband as described in KAR 44-12-902
  - ☐ Postage stamps    ☐ Stickers/Adhesive    ☐ Blank or Addressed Envelope
  - ☐ Oversized Card    ☐ Oversized Photographs    ☐ Polaroid Photographs
  - ☐ Blank paper/card    ☐ Laminations/stickers    ☐ Padded/corrugated envelopes
  - ☐ Publication, printed material, magazine/newspaper clippings not received from vendor or over one ounce rule (KAR 44-12-601) .

☒    Other Unauthorized  object: SEXUALLY EXPLICIT LETTER
☐    Mail that poses a threat to the safety and security of public officials or the general public [KAR 44-12-601 (d)(1)(B)]
☐    Addressed to a person who has filed an objection to receiving correspondence from you.
☐    Unauthorized correspondence with a person under the age of 18 years old.
☐    The mail is being used in furtherance of illegal activities [KAR 44-12-601 (d)(1)(C)].
☐    The mail is unauthorized correspondence between offenders, including a former offender [KAR 44-12-601 (d)(1)(D)].
  - ☐    Included in correspondence (☐ From / ☐ To) a third party.

☒    The censored material/item is:
- ☒    Being held in the facility mailroom pending disposition and/or protest instructions by resident.
- ☐    Being held by E.A.I. and/or the Disciplinary Administrator as evidence pending disciplinary and/or criminal prosecution and disposition and/or protest instructions/ unknown powdery substance
- ☐    Bodily substance or biohazard material has been destroyed.

The sender and/or addressee may protest this censorship decision by completing the protest form on the reverse side of this notice and forward it to the Secretary of Corrections within 15 business days of the date of this notice shown above. If a protest is not received within 45 days of the date of this notice shown above, the material/item will be disposed of pursuant to K.A.R. 44-5-111 (Disposition of Contraband).

R.  Leonard                          *R Leonard*                    7/18/2025
(Printed Name of Person Issuing Censorship Notice)    (Signature of Person Issuing Censorship Notice)    (Date)

Kansas Department of Corrections

# El Dorado Correctional Facility
## Notice of Mail Censorship

Pursuant to K.A.R. 44-12-601, you are hereby notified that an item of mail received in the Mailroom on

**Date of Notice: 8/15/2025**

*Exhibit C*
*1 of 2*

ADDRESSEE:  **Gillespie, Bradley**        117695         E2-247
            (Resident Name)              (KDOC #)      (Housing Unit)

Sender Name:    Richard Hall
Address:        5545 NE 4th St.
City, State, Zip:  Ocala, FL 34470-9513

has been censored ( ☒ in whole / ☐ in part).  The grounds for this censorship are the reasonable belief that:

☐    The mail poses a threat to institutional safety, order or security [KAR 44-12-601 (d)(1)(A)].

     ☐   Contains Dangerous Contraband, as described in KAR 44-12-601 44-12-901, or Tobacco Contraband as described in KAR 44-12-903.

     ☐   Contains or Relates to Security Threat Group Material or Activity, as described in KAR 44-12-325):

     ☐   Contains Sexually Explicit Materials as described in KAR 44-12-313

     ☐   Per IMPP 12-120A (undated 4/14/22), photos commercially published, printed, produced in bulk, replicated, produced for sale/purchase or considered a commodity is not allowed.

     ☐   Contains Contraband as described in KAR 44-12-902

         ☐ Postage stamps    ☐ Stickers/Adhesive    ☐ Blank or Addressed Envelope

         ☐ Oversized Card    ☐ Oversized Photographs    ☐ Polaroid Photographs

         ☐ Blank paper/card    ☐ Laminations/stickers    ☐ Padded/corrugated envelopes

         ☐ Publication, printed material, magazine/newspaper clippings not received from vendor or over one ounce rule (KAR 44-12-601 .

☒   **Other Unauthorized object: Magazines must be purchased by resident and through approved vendors, Due to change in policies, IMPP 12-127D. 5 magazines came from house not allowed**

☐   Mail that poses a threat to the safety and security of public officials or the general public [KAR 44-12-601 (d)(1)(B)]

     ☐   Addressed to a person who has filed an objection to receiving correspondence from you.

     ☐   Unauthorized correspondence with a person under the age of 18 years old.

☐   The mail is being used in furtherance of illegal activities [KAR 44-12-601 (d)(1)(C)].

☐   The mail is unauthorized correspondence between offenders, including a former offender [KAR 44-12-601 (d)(1)(D)].

     ☐   Included in correspondence ( ☒ From / ☐ To) a third party.

☐   The censored material/item is:

     ☒   Being held in the facility mailroom pending disposition and/or protest instructions by resident.

     ☐   Being held by E.A.I. and/or the Disciplinary Administrator as evidence pending disciplinary and/or criminal prosecution and disposition and/or protest instructions.

     ☐   Bodily substance or biohazard material has been destroyed.

**The sender and/or addressee may protest this censorship decision by completing the protest form on the reverse side of this notice and forward it to the Secretary of Corrections within 15 business days of the date of this notice shown above. If a protest is not received within 45 days of the date of this notice shown above, the material/item will be disposed of pursuant to K.A.R. 44-5-111 (Disposition of Contraband).**

K. Sparks          *K Sparks*          8/15/2025

(Printed Name of Person Issuing Censorship Notice)      (Signature of Person Issuing Censorship Notice)      (Date)

**Form 9**
For Cellhouse Transfer
Work Assignment
Interview Requests

Gillespie
Inmate's Last Name Only
117695
Inmate Number

Exhibit E 1 of 1

KANSAS DEPARTMENT OF CORRECTIONS

INMATE REQUEST TO STAFF MEMBER

To: Mail room / R. Leonard                    Date: 8-5-25

You censored a letter from Abigail Pawley on 7-18-25. I have a few questions I would like to ask you pertaining to that and I would appreciate it if a you answer them. 1.) Are you being told to read my mail? 2.) When you read the letter in question did it arouse you? 3.) Do you know my sexual preference and what arouses me? 4.) I know this letter had multiple pieces of separate content that wasn't an issue, so why is it that the contents are always censored in whole instead of partial? I look forward to your responses.

Work Assignment: Welding Crew          Living Unit Assignment: E2-247

Comment: _____               Detail or C.H. Officer: _____

Disposition: 4. If you would like to protest that we censor those partially instead of whole then you would have to fill top portion of the back side of form + send to Topeka. ~~xxxxxxxxxx~~ We just were always told to in whole.

To: _____                    Date: 8-7-25
     (Name & Number)

Disposition: Partials are usually (only) items that are seperate from letter that can be. 2. I did not read your letter the person who read that day ~~xxxxx~~ read mail then copied + I did censors. I go off what they put.

1. We read all incoming mail

and. 3. Obviously not LOL and I do not care what preference you have.

~~xxxxxxxxx~~
Employee's Signature
Robin Leonard

To be returned to inmate

I know its a normal thing but its against the rules.

# El Dorado Correctional Facility
## Notice of Mail Censorship

Pursuant to K.A.R. 44-12-601, you are hereby notified that an item of mail received in the Mailroom on

*Exhibit F 1 of 2*

Date of Notice: 9/18/2025
Addressee: (Resident Name) *GILLESPIE, BRADLEY*     (KDOC #) 117695     (Housing Unit) E2-247

Sender Name: MIKEY MARKHAM
Address: 613 NW. MARKET ST
City, State, Zip: REIDSVILLE, NC 27320

has been censored ( ☒ in whole / ☐ in part). The grounds for this censorship are the reasonable belief that:

☐ The mail poses a threat to institutional safety, order or security [KAR 44-12-601 (d)(1)(A)].

   ☐ Contains Dangerous Contraband, as described in KAR 44-12-601 44-12-901, or Tobacco Contraband as described in KAR 44-12-903.

   ☐ Contains or Relates to Security Threat Group Material or Activity, as described in KAR 44-12-325):

   ☐ Contains Sexually Explicit Materials as described in KAR 44-12-313

   ☐ Per IMPP 12-120A (undated 4/14/22), photos commercially published, printed, produced in bulk, replicated, produced for sale/purchase or considered a commodity is not allowed.

   ☐ Contains Contraband as described in KAR 44-12-902

      ☐ Postage stamps   ☐ Stickers/Adhesive   ☐ Blank or Addressed Envelope
      ☐ Oversized Card   ☐ Oversized Photographs   ☐ Polaroid Photographs
      ☐ Blank paper/card   ☐ Laminations/stickers   ☐ Padded/corrugated envelopes
      ☐ Publication, printed material, magazine/newspaper clippings not received from vendor or over one ounce rule (KAR 44-12-601) .

      ❖ Per IMPP12-127D, Due to change in policy (updated 7-15-25) item must be purchased by resident through approved vendor.

☒ Other Unauthorized object: OVER 1 OUNCE RULE 1.6 OUNCES

☐ Mail that poses a threat to the safety and security of public officials or the general public [KAR 44-12-601 (d)(1)(B)]

☐ Addressed to a person who has filed an objection to receiving correspondence from you.

☐ Unauthorized correspondence with a person under the age of 18 years old.

☐ The mail is being used in furtherance of illegal activities [KAR 44-12-601 (d)(1)(C)].

☐ The mail is unauthorized correspondence between offenders, including a former offender [KAR 44-12-601 (d)(1)(D)].

   ☐ Included in correspondence (☐ From / ☐ To) a third party.

☒ The censored material/item is:

   ☒ Being held in the facility mailroom pending disposition and/or protest instructions by resident.

   ☐ Being held by E.A.I. and/or the Disciplinary Administrator as evidence pending disciplinary and/or criminal prosecution and disposition and/or protest instructions/ unknown powdery substance

   ☐ Bodily substance or biohazard material has been destroyed.

The sender and/or addressee may protest this censorship decision by completing the protest form on the reverse side of this notice and forward it to the Secretary of Corrections within 15 business days of the date of this notice shown above. If a protest is not received within 45 days of the date of this notice shown above, the material/item will be disposed of pursuant to K.A.R. 44-5-111 (Disposition of Contraband).

R. Leonard
(Printed Name of Person Issuing Censorship Notice)

*R Leonard*
(Signature of Person Issuing Censorship Notice)

9/18/2025
(Date)

Kansas Department of Corrections

Mailroom Response

- Everything including all paperwork and invoices were packed in the Box by me the mailroom Supervisor. So i do not know where they came from, there was nothing with this paper. You should be able to get the name of the place from your mom because I packed everything inside the box for her to pick up and took it up front. As for the recent censor ~~letters~~ they were photo copies of magazine covers and one was sexually explicit, Women posing in Sexual position not allowed might I add no matter the gender if it a sexual pose I can't go in.

Also to help when it g comes to books in the future order them through the printed purchase request form, which I know you already have. If we are able to find you should recieve it after its been ordered.

When the impp came out there were some places on there that are no longer approved Barnes & ~~nobles~~ nobles, book a million.

The impp has been updated to not have those listed also to help mailroom will be printing catalogs to send to the library for you and others to have access to, you will not be able take these out of the library - hope this helps

Exhibit K 3 of 9

"...10 out of 10. Absolute, Pure Protein Mastery..."
J. Robbins, Sioux City, IA

"...Exceptional Mixabilty, and Taste I Couldn't Believe!!!"
T. Koppworth, Shreveport, LA

"...Truly Amazing Results From Top Ranked Isolate..."
M. Shoenberg, NYC, NY

"One of the 2 or 3 Best Whey Protein Isolates in the World!!"
Jeff Everson, Los Angeles, CA

BUILD MUSCLE, BURN FAT – EVERY WORKOUT
TRY THE NEW

MUSCLEPRIME

4 G BCAAS
50 SERVINGS!

NEW!
30g PROTEIN

PROS WHO DEPEND ON THEIR RESULTS DEPEND ON ISOFLEX!
100% WHEY PROTEIN ISOLATE • 27 G TOTAL PROTEIN YIELD IN EVERY 30 G SCOOP
23% GROWTH-STIMULATING BCAA CONTENT (6 G) • 46% ESSENTIAL AMINO ACID CONTENT (13 G)
0 G FAT & NO SUGAR(POWDER) • ABSOLUTELY DELICIOUS AND MIXES INSTANTLY WITH WATER OR MILK

ISOFLEX is Gluten and Aspartame-Free and with a 90% yield of high-performance protein in every scoop, amazing taste and the perfect blend of RAPID ABSORPTION™, Cold Temperature Processing [CTP™] and ULTRA-FLOW Delivery™ nothing else can really compare. Don't settle for whey protein concentrates or protein blends passed off as the real deal. Pros, athletes and trainers know better.

ALLMAX NUTRITION    www.ALLMAXNUTRITION.com    TESTED FREE FROM BANNED SUBSTANCES    INFORMED-CHOICE.ORG Trusted by sport

These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure or prevent any disease.

# MAKE THE REST OF YOUR LIFE

Exhibit K
3 of 9

We all want to live a long, healthy and sexually active life, and Jack LaLanne has proven that his way is the right way to do it! His new book is the ultimate guide to living your life to its absolute fullest and attaining maximum health along the way.

**This book teaches you:**

- How to burn fat and rev up your metabolism
- How to eat for maximum longevity and lifelong health
- How to drastically reduce the risk of heart attacks, stroke and cancer
- How to become the most physically attractive person possible

**Pick up your copy, because tomorrow is what you do today!**

**Available in all better bookstores!**



JACK LALANNE

LIVE YOUNG FOREVER

12 Steps to Optimum Health, Fitness & Longevity

FOREWORD BY ROBERT KENNEDY
*New York Times* bestselling author & renowned expert on health and fitness.

**1-888-254-0767**

LiveYoungWithJackLaLanne.com
$19.95 US plus s&h

RKP ROBERT KENNEDY PUBLISHING
RKPubs.com

GET FIT, GET TONED
# GET DEFINED

YOUR JOURNEY TO A TOTAL BODY TRANSFORMATION STARTS TODAY!

AN INDUSTRY LEADER BRINGS YOU FITNESS FOR EVERYONE

*Exhibit K 4 of 9*

# MET-Rx ®

ISSUE 18 SPRING 2012

## TRANSFORM
## YOUR BODY WITH:

16-**WORKOUTS**

MUSCLE **SCULPTING**
**RESISTANCE** TRAINING

FAT BLASTING
**CARDIO**

PERSONALIZED
**NUTRITIONAL**
PLANS

▶ SUPPLEMENTS
▶ MOTIVATION
▶ ONLINE SUPPORT

**MET-Rx 180°**
TRANSFORMING EVERY BODY™

A REVOLUTIONARY
**90-DAY** FITNESS PROGRAM
DESIGNED FOR MEN & WOMEN

**PLUS** AMAZING
**MET-Rx 180**™
90-DAY TRANSFORMATIONS

**2 MAGAZINES FOR THE PRICE OF 1**

Exhibit 13    6 of 9

# TRAIN
## FOR HER

US & CANADIAN EDITION ISSUE 6

**DON'T JUST READ IT, USE IT!**

YOUR
# TOTAL BODY TUNE-UP
## IN JUST 20 MINS

# EAT
## YOURSELF
## CALMER
## SMARTER
## HAPPIER

+

# 17 STAY LEAN VACATION TACTICS



# SCULPT SEXIER
## SHOULDERS

**AMBER DODZWEIT:**
"MY NUTRITION & SKINCARE TIPS"

# LOOK 10 YEARS YOUNGER!

# OVERCOME GYM ANXIETY

# DINE OUT LOSE WEIGHT

**ROSIE HUNTINGTON-WHITELEY**
REVEALS HER BODY SECRETS



Exhibit K
7 of 9

# LARISSA REIS

Height: 5'5"
Weight: 128 pounds
Measurements: 34C-24-35
Hair: Natural blonde
Eyes: Honey colored
Born: Brasília, Brazil
Resides: Miami
Occupation: Model and IFBB figure and fitness competitor
Role Model: Monica Brant
Website: larissareis.com
Proudest Moments:
- Becoming a Buddhist
- Receiving her green card
- Earning her certificate to be a personal trainer and nutritionist in America
- Receiving her brown belt in Brazilian Jiu-Jitsu
- Earning her IFBB card

# THE HEAT INDEX

HOT · HOT · HOT · HOT · HOT · HOT

Alex Ardenti

# 60-DAY TRANSFORMATION

## DUMBBELL SQUAT

Stand erect holding the dumb-bells just outward from your thighs, with your feet about shoulder-width apart, knees unlocked and your toes turned out slightly. Keeping your head neutral, abs tight and torso erect, bend at the knees and hips to slowly lower your body, as if you were going to sit down in a chair, keeping the weights outside your thighs. Pause when your legs reach a 90-degree bend then forcefully drive through your heels extending at your hips and knees until you arrive at the standing position.

## ONE-ARM DUMBBELL ROW

Bend over at the waist and place one knee and the same-side hand on a flat bench. Keep your other foot on the floor beside the bench. Hold a dumbbell in the same-side hand hanging straight down with your arm fully extended. Pull the weight toward your hip, keeping your elbow in close to your body. Pull your elbow as high as you can, squeezing your shoulder blades together for a full contraction, then lower the dumb-bell back toward the floor under control. Repeat for reps and then switch arms.



## READERS' MAIL
# SHOUT!



LETTERS

## Have Your Voice Heard in our Forum

### TOP LETTER

### MORE MORRIS

**Morris Mendez**
Broadbrook, CT

In your last letters page, one reader commented on how much they like Chris Jalali and his physique. Nothing against Mr. Jalali, but when it comes to a *"Reps!* physique" no one can hold a candle to Morris Mendez. That guy is friggin' amazing! Full 'round muscle bellies, tiny joints, beautiful symmetry and aesthetics. I could only ever hope to have one-tenth his physique. Those photos of his all-cable arm training were mind blowing! I can't believe this guy is not an IFBB pro already. I realize he normally competes in a different league, but his body should be what every bodybuilder — whether it be pro or amateur — should aspire to ... absolute perfection.

**Damian Quint**
Toronto

*Editor: Don't worry, we plan to feature Morris many more times in this magazine. We also agree with your assessment — Morris is an amazing physical specimen. He is the embodiment of all things good in bodybuilding. We can only hope that the IFBB takes heed of this new trend toward better over bigger. Since you like Morris so much, we suggest you check out this issue's "Big Picture" on p.82 where he offers up his advice on supersets.*

Alex Ardenti

Date: _____

To: _____
(Name and Title of Officer or Department)

Exhibit Q
1 of 1

Exhibit N
11 of 11

_____
Unit Team, Detail, or Cellhouse Officer's Signature

To be retained by Inmate

Gillespie
_____
Inmate's Last Name Only

117695
_____
Inmate Number

Form 9
For Cellhouse Transfer
Work Assignment
Interview Requests

## KANSAS DEPARTMENT OF CORRECTIONS

## INMATE REQUEST TO STAFF MEMBER

Date: 3-24-25

To: Mail Room

My mom sent in some legal work for my case and it was censored because it was over the one ounce rule. I read the IMPP for mail (12-130) and there are no restrictions for weight in it and only 2 references to weight in KAR 44-12-601 1.) is that indigent inmates only recieve 4 first class one ounce or less envelopes a month. 2.) deals with publications (a) having to be under the one ounce rule. Publications are books, journals, newspapers etc. not hand written letters of printed materials that haven't been published.

Work Assignment: Welder

Living Unit Assignment: E2-247

Detail or C.H. Officer: _____

Comment: _____

Disposition: As of 4-1-25 After speaking with Topeka legal mail & the mail your mom sent will be processed as Regular mail. However, your mother must NOT stamp it with legal mail or it will be censored because she is posing to be a legal source with that stamp.
— KSparks E2-247

To: _____
(Name & Number)

Date: _____

Disposition: _____

_____
Employee's Signature

To be returned to inmate

Exhibit P  
1 of 2  
Exhibit N  
9 of this 11

Pursuant to K.A.R. 44-12-601, you are hereby notified that an item of mail received in the Mailroom on  
Date of Notice: 3/19/2025

ADDRESSEE: **Gillespie, Bradley**     **117695**     **E2-247**  
(Resident Name)     (KDOC #)     (Housing Unit)

Sender Name: Velinda L Gillespie  
Address: 313 Elm St.  
City, State, Zip: Chase, KS 67524

has been censored ( ☒ in whole / ☐ in part). The grounds for this censorship are the reasonable belief that:

☐   The mail poses a threat to institutional safety, order or security [KAR 44-12-601 (d)(1)(A)].

    ☐   Contains Dangerous Contraband, as described in KAR 44-12-601 44-12-901, or Tobacco Contraband as described in KAR 44-12-903.

    ☐   Contains or Relates to Security Threat Group Material or Activity, as described in KAR 44-12-325):

    ☐   Contains Sexually Explicit Materials as described in KAR 44-12-313

    ☐   Per IMPP 12-120A (undated 4/14/22), photos commercially published, printed, produced in bulk, replicated, produced for sale/purchase or considered a commodity is not allowed.

    ☒   Contains Contraband as described in KAR 44-12-902

| | | |
|---|---|---|
| ☐ Postage stamps | ☐ Stickers/Adhesive | ☐ Blank or Addressed Envelope |
| ☐ Oversized Card | ☐ Oversized Photographs | ☐ Polaroid Photographs |
| ☐ Blank paper/card | ☐ Laminations/stickers | ☐ Padded/corrugated envelopes |

    ☒   Publication, printed material, magazine/newspaper clippings not received from vendor or over one ounce rule (KAR 44-12-601. **5.4oz**

☒   **Other Unauthorized object: Did not come from a legal source.**

☐   Mail that poses a threat to the safety and security of public officials or the general public [KAR 44-12-601 (d)(1)(B)]

    ☐   Addressed to a person who has filed an objection to receiving correspondence from you.

    ☐   Unauthorized correspondence with a person under the age of 18 years old.

☐   The mail is being used in furtherance of illegal activities [KAR 44-12-601 (d)(1)(C)].

☐   The mail is unauthorized correspondence between offenders, including a former offender [KAR 44-12-601 (d)(1)(D)].

    ☐   Included in correspondence (☒ From / ☐ To) a third party.

☐   The censored material/item is:

    ☒   Being held in the facility mailroom pending disposition and/or protest instructions by resident.

    ☐   Being held by E.A.I. and/or the Disciplinary Administrator as evidence pending disciplinary and/or criminal prosecution and disposition and/or protest instructions.

    ☐   Bodily substance or biohazard material has been destroyed.

The sender and/or addressee may protest this censorship decision by completing the protest form on the reverse side of this notice and forward it to the Secretary of Corrections within 15 business days of the date of this notice shown above. <u>If a protest is not received within 45 days of the date of this notice shown above, the material/item will be disposed of pursuant to K.A.R. 44-5-111 (Disposition of Contraband).</u>

    **A. Osborne**               *A. Osborne*               3/19/2025  
(Printed Name of Person Issuing Censorship Notice)     (Signature of Person Issuing Censorship Notice)     (Date)

7-25-25

Ms. Reedy,

Hey, I hope you're enjoying your new job better than your last position. I'm writing you today because I would like a copy of my clemency application. I hate to bug you about it but I would like that and I've been waiting awhile.

The next thing is on a different topic... The last time I seen you you said something along the lines of doing our pay, is that correct? If it is can you answer this for me, why are the pay raises froze? I got the memo that the SOC sent out on June 20th, 2024 saying wages were raising, so why are they stopped already? Who made that decision and when. If you could answer these questions and get me that copy I would greatly appreciate it. Thank you for your time.

Respectfully,
Bradley Gillespie #117695
EZ-247

Oh one last question, when Admin laid me in with no D.R. no nothing last Sep. why did my ~~pay~~ pay start over when I only went without a job for a little over a month?

Sent In House Mail on 7-25-25

AFFIDAVIT OF PUBLICATION

Exhibit O 1 of 1

MIAMI COUNTY REPUBLIC
PO BOX 1283
HUTCHINSON, KS 67504-1283

STATE OF KANSAS }  SS
COUNTY OF MIAMI }

Account Number: 120600
Ad Number:       3206800
Description:     Gillespie Clemency
Ad Cost:         $35.24

Jennifer Spencer, being first duly sworn, says:

That she is the Agent of the the Miami County Republic, a
weekly newspaper of general circulation, printed and
published in Paola, Miami County, Kansas; that the
publication, a copy of which is attached hereto, was
published in said newspaper on the following dates:

February 26, 2025

That said newspaper was regularly issued and circulated
on those dates.
SIGNED:

_Jennifer Spencer_
Agent

Subscribed to and sworn to me this 7th day of April 2025.

_Corinne Kellett_
Notary Public
__Sevier__ County __UT__
ID#: __718408__
My commission expires: _5-25-25_

CORINNE KELLETT
Notary Public - State of Utah
Comm. No. 718408
My Commission Expires on
May 25, 2025

MATTHEW M BEYER
EL DORADO CORRECTIONAL FACILITY
PO BOX 311
1737 SE HIGHWAY 54
EL DORADO, KS 67042
matthew.beyer@ks.gov

(Published in the Miami County
Republic Wed. 11/06/24)

NOTICE OF PUBLICATION

Bradley Gillespie KDOC 117695
sentenced November 2, 2017
(2016-CR-140) for Possess Mor-
phine with intent to distribute;
within 1,000 ft school. Possess
Fentanyl with intent to distribute;
within 1,000 ft school. Possess
Hydrocodone with intent to
distribute; within 1,000 ft school.
Possess Lisdexamfetamine
(Vyvance) with intent to distrib-
ute; within 1,000 ft school. Bur-
glary of a non-dwelling, Theft of
property or services; Value
$25,000 to $100,00 and Criminal
Possession of a Firearm x83 in
Miami County, Kansas has ap-
plied for executive clemency.
Persons wishing to comment
should send information in writ-
ing to the Kansas Prisoner Re-
view Board, Jayhawk Walk, 714
SW Jackson, Suite 300, Topeka,
KS 66603 within fifteen (15) days
after the date of publication.

Exhibit P 1of1

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| BRADLEY GILLESPIE | 2000086107 | 10/07/25 15:24 CDT | Black/White | E | 07,0E2247 |

From: Velinda Gillespie on 10/07/25 15:09 CDT

Hey Son !! Hope you are having a decent day !! I got the copy of the Affadavid from the news paper . They are going to send a copy per E Mail to Devan Parks !! It was sent to the prison on April 2025 to Devin !! Matthew Beyer stamped it at the bottom of it , so it was sent and received down there as well . Got 300 on your books son!! Love you

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| BRADLEY GILLESPIE | 2000086107 | 10/19/25 21:21 CDT | Black/White | E | 07,0E2247 |

From: BRADLEY GILLESPIE on 10/07/25 15:53 CDT

I don't think its too much of a stretch to start a s s u m I n g a con s p l r a c y has been going on around here. Ok I'll wait for the second group and when I get them I'll send all of them right back to you so I can save them to compare for later on how they aren't copying things in color and taking the personal aspect out of letter when they are wrote in colored in for instance yet they copy in black and white. Thank you mom I love you and I can't believe s h I t like this even goes on. Like how do these people keep their jobs around here

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| BRADLEY GILLESPIE | 2000086107 | 10/07/25 16:11 CDT | Black/White | E | 07,0E2247 |

From: Velinda Gillespie on 10/07/25 16:10 CDT

Yeah I don't know son !! Devan just flat out lied to us about even sending it off !! I tried calling down there 3 times and no one answers the damn phone to let her know another one was coming by email !! Love you too son !! Should be 5 in each letter

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| BRADLEY GILLESPIE | 2000086107 | 10/19/25 21:21 CDT | Black/White | E | 07,0E2247 |

From: BRADLEY GILLESPIE on 10/07/25 15:27 CDT

I'm having a decent day. I was going to give her b l t c h ass a pass but now what you say that she's going in this g r l e v a n c e I'm working on right now. Will you please send me a copy of that please affadavid too? Does Matthew beyer work here?

Also I got one of the letters you sent with the pics and the money order, did you send those copies in as color or not? Because I got black and white copies?

| Print Requester | Booking # | Request Date | Requested Ink | Room | Location |
|---|---|---|---|---|---|
| BRADLEY GILLESPIE | 2000086107 | 10/07/25 15:53 CDT | Black/White | E | 07,0E2247 |

From: Velinda Gillespie on 10/07/25 15:48 CDT

Some were black and white and some were color son !! And yes he is works there at El Dorado he stamped it at the bottom and yes I will send you a copy son ! She was emailing another one today to Devan as well

My Son Brad Gillespie called on October 4th 2025 Asked me to call Topeka Parole Board to check on his Clemency Packet. He had never recieved a copy of his report from Devon Parks at EDCF.

I called Nancy Berkhart - President of Parole Board in Topeka KS on 10/7/2025. I gave Nancy Brad's information and his # 117695. Nancy said she would be checking on it and call me back.

On October 8th 2025 Nancy called me back. No Clemency Packet ever recieved. Stated she would call El Dorado Correctional Facility and see why and what was going on with his Clemency.

On October 9th 2025 Nancy called me back. Stated EDCF stated they didn't recieve the afidavit from the Mi Co. Republic Newspaper that it was printed.

I called the Mi Co Newspaper in Paola, KS on 10-9-25, Rhonda informed me the afidavit was sent to Devon Parks at EDCF in April 2025. I asked her if she could email me a copy and another copy to Devon at EDCF, of the afidavit.

I called Devon Parks at the EDCF about 2 pm to let her know another email was sent on this day 10-9-2025. She was handling the Clemency for Brad Gillespie. She informed us in April 2025 she was sending it to the Parole Board by May 1st 2025. She did not answer my call from my phone #, I used my son's girlfriend Abigail Pawley phone to call. she still didn't answer so I left a voicmail. "I stated you lied to us - my son and me." "I said that was not right at all. I was very hurt and I know my son Brad was as well when I told him it had not even been sent in. Here we were thinking it was at the Governors office by now, but no that's not the case at all!

Devan Parks called back on Abigail phone # and said I was never to call her again. That this was an 18+ facility. I said and what does that mean? She said my son committed a crime and that is why he was at EDCF. "I said you dont know anything about my sons case." That I didnt need to be calling people on the outside of the facility." I said if you all would do your job I would not have to call Topeka. I said all that had nothing to do with why I was calling her. I wanted to let her know about the afidavit being emailed to her again and make sure she got it. She said she got it and it was being handled, and hung up. My daughter n-law heard the conversation. Abigail called her back (see her statement)

10-16-2025 - I called Nancy Berkhart Pres. of Parole Board and left message.

10-17-2025 - I followed up with Nancy B. again - I left message.

10-20-2025 - I called Nancy left message. Nancy called me back at 10:38 am said she just recieved the Clemency Packet of Brad gillespie #117695. Seemed to be all there. I stated Brad still had not recieved his copy. She stated give it 2 days and call her back if he still hadnt recieved it and she would call EDCF again and see what was going on. I thanked her and was very appreciative of her for helping us.

10-21-2025 Brad called he recieved 2 packets. The first one was all the originals and didit have enough postage on it. Brad forwarded it on to the Parole board with the correct postage.

(2)

*Signed and Notorized*    Exhibit Q 3 of 3.

State of Kansas
County of Rice

Signed and attested before me on October 25, 2025 by Velinda Gillespie.

KIM A. OWEN
Notary Public - State of Kansas
My Appt. Expires 10-14-2028

*Kim A. Owen*
Kim A. Owen
My Appointment expires: _10-14-2028_

*Velinda Gillespie* _Velinda Gillespie_

*Date* _October 25 2025_

Gillespie
Inmate's Last Name Only
2000086107
Inmate Number

Exhibit A
1 of 2

### KANSAS DEPARTMENT OF CORRECTIONS

### INMATE REQUEST TO STAFF MEMBER

To: Unit Team                    Date: 10-13-25

Informal Resolution:

Pertains to resident wages, proposals the state disregarded, and wasting tax payer money, due to sloppy operations.

See Attached.

Work Assignment: Welding Crew            Living Unit Assignment: E2-247

Comment: _____          Detail or C.H. Officer: _____

---

Disposition: A budget on incentive pay increases here At EDCF is currently being outlined by Warden Williams. Once it has been approved, all

To: _____     Date: _____
        (Name & Number)

Disposition: residents will recieve written notification.

UTM _____
        Employee's Signature

I recieved this     To be returned to inmate
on 10-29-25 around 10:40 A.M. -BG



714 S.W. Jackson St., Suite 300
Topeka, KS 66603

Exhibit B
1 of 1

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary

Laura Kelly, Governor

To:      Adult Facility Residents
From:  Jeff Zmuda, Secretary
Date:   June 20, 2024
Re:      Resident Pay Increases

I want to utilize this message to share some good news with all of you. For the first time in over 40 years those receiving Incentive Pay will be receiving a significant increase. Today, the daily rate for Incentive Pay ranges from $0.45 to $1.05. As identified below, with the new pay increase, the daily rate ranges will be from $1.28 to $2.98.

- Level A – increases from $.45 to $1.28
- Level B – increases from $.60 to $1.70
- Level C – increases from $.75 to $2.13
- Level D – increases from $1.05 to $2.98

Those of you working in the Traditional Industry Program at Kansas Correctional Industries will see an hourly increase in your pay as well. Currently, the pay ranges from $.0.25 to $0.60. As identified below, the forthcoming increases will take the new pay to ranges from $1.00 to $2.00.

- Pay Grade 1 - increases from $0.25 to $1.00
- Pay Grade 2 – increases from $0.40 to $1.50
- Pay Grade 3 – increases from $0.60 to $2.00

The new pay rates for both Incentive Pay and Traditional Industries at KCI went into effect on June 15 and will be reflected on trust fund accounts on July 19.

DW Clark,

7-7-25

Hello sir. I would like to do a follow up on something my old co-worker, Williams, was apparently talking to you about. I work on the welding crew and there is only one hourly pay slot apparently, and I have it. As you are aware, I was laid in, by admin, from my tutoring job, and I was getting paid $2 an hour. I went without a job for around a month and a half before I went to the welding crew because I was trying to stay ahead of my school work because I went to the hole for a week. I had to start my pay over for some reason, even though I'm level 3. The reason I wanted to write you is to advocate for myself and the people who refuse to work for our crew because they can make more money else where.

We are a crew that not everyone can work on let alone be capable to do the job. We are always working with dangerous materials and equipment, so Standfast and I are constantly having to train and watch people to make sure they are safe and doing what they are supposed to. People would like to come learn a skill and get some knowledge that they could apply when they get out to obtain a good paying job. We have no problem teaching anyone who has a want to learn, but the fact of the matter is, they will choose the kitchen or laundry over the welding crew because of the money alone. I don't blame them for that, but it sure would be nice if we could get paid decent money so we could get people willing to work. I have also worked with Standfast since late Oct. early Nov, and I've proven to be an asset to this facility. The problem is, I'm only getting paid 0.71 cents an hour when I go around fixing this ~~facilities~~ Facility's "security concerns". Would it be a →

1 of 2

possibility to get me a pay raise and could everyone on our crew be able to get an hourly wage? It's just too hard to find help right now and standfast and I can only do so much by ourselves.

Thank you for your time. I look forward to a response and if you have any questions please ask. Thanks.

Bradley Gillespie #117695
E2-247

⭐ Sent In-House mail on 7-7-25 ⭐

May 14th 2025

Arrived At ElDorado Prison to pick up property for my son Brad Gillespie #117695 At 12:29pm on Wed. May 14th 2025. Books in particular and I recieved them all except for one — Conversations with GoD! It was my 3rd trip down to pick up. April 27th wasn't there — called the mail Room on April 28th said it was there and would be in propety to pick up on May 3rd 2025. The guard CS1 Firman had 5 books but not Conversations c GoD. She went and looked again in property. She then went to the mail Room. went come back out at 12:28 and 2 men accompanied her and Said they will talk to you. I said OK. They walked up to the table and asked if I was Velinda gillespie — I said yes. He had a paper with him — he said I cant give you the book — it is being held for evidence. I said for what? He said drugs! I said oh really. He said yes! I said hum that's funny it's my 3rd trip down here to get it and that's the 1st I heard of that. He said your son knew. The mail Room said they had it 3 wks ago and would be here for me to pick up. I asked what my son wrote when he signed off on it Feb 28 2025. He said I cant Tell you that.

So if my son knew it was being held for evidence — why would he ask me to pick it up — fill out a form 9 and send to the mail room. I then asked him what his name was — he said I don't have to tell you that — I said yes you do — I have a right to know who I'm speaking too! He said Special Agent Ayala. He said you probably cant spell that. I said excuse me — what are you incenutating that I'm stupid cant spell? Special Agent Ayala said if your son wants it tested then he has to pay for it — I said you know we know that and it was what he wanted to do and the facility denied him that. He said is a book worth $10.00 really worth it. I said excess me — I don't care what the book cost — yes it is worth it. We are sending to a private lab — since you don't want to send it it out. Special Agent Ayala very Rood to me — thinking he showing me his aurothoity — Goes to the KBI for testing and you all have to pay for it.

I said you are sure going hard for my son — he said we do this with everyone — I said no you don't. That is why you raided his cell again on 13th of May — looking

Drugs! WOW — He said that's
Disorderly conduct — does She have
Any other business here?

I said no we are done!!
Rood SOB

Velinda L Gillespie

Signed Velinda L Gillespie

May 27 2025

State of Kansas
County of Rice

Signed or attested before me on May 27, 2025 by Velinda Gillespie.

Notary

Exp: 10/22/2028

ALICIA TIMBERLAKE
Notary Public - State of Kansas
My Appt. Expires 10-22-28

# FORENSIC ANALYTICAL REPORT

## GC-MS & FT-IR — Book Pages (Methanol Wash)

Client: Velinda Gillespie

Case ID: Carlson 2509015 — Book methanol wash

Sample: Methanol wash of printed book pages; FT-IR performed on dried residue.

Report Date: October 22, 2025

### Satisfaction of Service

We hope that you are satisfied with the timeliness and quality of the results and the professionalism and courtesy of our staff. It is our goal to provide accurate data and useful interpretations to support our clients in their individual endeavors. If you feel that you have received unsatisfactory treatment or results, please submit comments, concerns, and complaints to CarlsonCo@thecarlsoncompany.net

### Sample Storage

Should the need arise for any further testing, we commit to maintaining possession of any residual samples for a period of three (3) weeks unless otherwise stated or requested, after which they will be discarded. If you would like your samples to be retained by The Carlson Company for longer than three months, we will continue to store your samples at a rate of $125/month.

### Guarantee of Quality

The Carlson Company Testing Services stands behind our test results to be accurate as reported. The test results apply to the samples received and may not be representative of the entire lot.

### Additional Testing

The Carlson Company provides additional testing services beyond those performed for this project. If you need additional testing in the future for either the identical testing services summarized in this report or services beyond the scope of this report, please contact us for a quote with current pricing and current capabilities.

We thank you for this opportunity and look forward to working with you on future projects.

Sincerely,

Kaily Bissani. Vice President, GM

## Summary of Findings

GC-MS identified two major components: Diisooctyl phthalate (plasticizer) and 13-Docosenamide (erucamide; slip agent). FT-IR corroborates a matrix of long-chain aliphatic esters/amides consistent with printing/packaging additives transfer. No controlled drugs or acute poisons detected under these methods.

## GC-MS Chromatogram (TIC)

File     :E:\GC-MS\All GC MS Data\2025\10\09\08 Carlson 2509015 Book m
...      ethanol wash.D
Operator : JMC^2
Instrument :  Unit1 6850 ALS
Acquired  : 9 Oct 2025  21:42    using AcqMethod FAI-SPLIT-LOW.M
Sample Name: Carlson 2509015 Book methanol wash
Misc Info :



## FT-IR Spectrum (ATR) of Dried Residue



Carlson 2509015 Methanol wash dried down

Peaks labeled: 3394.3, 3185.7, 2955.7, 2920.1, 2849.8, 1735.3, 1646.0, 1540.9, 1467.7, 1418.0, 1362.2, 1245.7, 1159.5, 1116.2, 1081.9, 1042.1, 963.9, 894.8, 829.3, 762.0, 722.1, 699.9, 646.1, 582.4, 517

Axes: %Transmittance (vertical), Wavenumbers (cm-1) (horizontal)

## Top GC-MS Library Matches

| # | RT (min) | Area (10^6 Ab*s) | Best Match | Match Quality |
|---|----------|------------------|------------|---------------|
| 1 | 12.935 | 5.6 | Diisooctyl phthalate — plasticizer (ink/film) | 909 |
| 2 | 14.511 | 34.5 | 13-Docosenamide (Z) — erucamide slip agent | 840 |

FT-IR peaks: 3394–3186 cm⁻¹ (NH/OH), 2956/2920/2849 cm⁻¹ (aliphatic C–H), 1735 cm⁻¹ (ester C=O), 1646–1541 cm⁻¹ (amide/alkene), 1468–1418 cm⁻¹ (CH bending), 1362–1116–1042–963 cm⁻¹ (C–O/C–N), and 894–722–646–582 cm⁻¹ (fingerprint of long-chain aliphatic residues).

## Interpretation

Findings are consistent with **incidental transfer** from printing inks, coatings, or plastic packaging that contacted the book pages. The substances detected are common industrial additives and explainable by normal consumer-product handling.

## Health/Toxicology Assessment

At trace levels expected on paper, acute risk is low. These materials are **not food-grade for ingestion**; swallowing paper or concentrated extract could cause mild gastrointestinal irritation. Chronic high-dose exposure to phthalates has raised endocrine and hepatic concerns in studies, but such exposure scenarios are not consistent with normal handling of book pages. Standard hygiene (hand-washing, avoid licking/chewing paper) is advised.

## Conclusions

The sample contains diisooctyl phthalate and erucamide consistent with packaging/ink additives. No evidence of deliberate poisoning or controlled substances in this sample by GC-MS/FT-IR.

**Prepared and reviewed by:**

Kaily Bissani, VP & General Manager

The Carlson Company – Toxicology & DNA Services

📞 (719) 531-6666  |  www.thecarlsoncompany.net

Report Coversheet

30 June 2025
Velinda Gillespie
Project: 2506003
Sample: Bite Sleeve
RE: Screening for Hazardous Chemicals by Gas Chromatography – Mass Spectroscopy

<u>Satisfaction of Service</u>
We hope that you are satisfied with the timeliness and quality of the results and the professionalism and courtesy of our staff. It is our goal to provide accurate data and useful interpretations to support our clients in their individual endeavors. If you feel that you have received unsatisfactory treatment or results, please submit comments, concerns, and complaints to CarlsonCo@thecarlsoncompany.net

<u>Sample Storage</u>
Should the need arise for any further testing, we commit to maintaining possession of any residual samples for a period of three (3) weeks unless otherwise stated or requested, after which they will be discarded. If you would like your samples to be retained by The Carlson Company for longer than three months, we will continue to store your samples at a rate of $125/month.

<u>Guarantee of Quality</u>
The Carlson Company Testing Services stands behind our test results to be accurate as reported. The test results apply to the samples received and may not be representative of the entire lot.

<u>Additional Testing</u>
The Carlson Company provides additional testing services beyond those performed for this project. If you need additional testing in the future for either the identical testing services summarized in this report or services beyond the scope of this report, please contact us for a quote with current pricing and current capabilities.

We thank you for this opportunity and look forward to working with you on future projects.

Sincerely,

Kaily Bissani. Vice President, GM

## Forensic Analytical Report

**Sample Name**: Carlson 2506003 – Book Dirty Pages
**Sample Type**: Paper surface extract
**Date of Analysis**: June 7, 2025
**Methods Used**:

- **Fourier-Transform Infrared Spectroscopy (FT-IR)**

- **Gas Chromatography-Mass Spectrometry (GC-MS)**

# I. FT-IR Spectroscopy Summary

**Comparison**: Dirty page (red trace) vs Clean page (purple trace)



### Notable Differences:

| Wavenumber (cm⁻¹) | Functional Group | Noteworthy Observation |
|---|---|---|
| 3328.6 | Broad O–H or N–H stretch | More intense in dirty page – suggests added alcohols or amines |
| 2902.4 / 2360.2 / 2324.6 | C–H & $CO_2$ stretches | Higher absorption = possible added hydrocarbons or degradation byproducts |
| 1635.4 / 1508.1 / 1421.2 | C=O and C=C stretches | Increased complexity = possible contamination with aromatic/unsaturated compounds |
| 1029.1 | C–O or Si–O stretching | Stronger in dirty page – suggests **siloxanes or ethers** |
| 1266.1 / 1316.9 | C–N or ester signals | Dirty page shows more pronounced peaks |

Interpretation:
There are clear differences between the clean and dirty page spectra. The dirty page shows elevated signals associated with:

- **Alcohols, ketones, or aldehydes**

- **Organosilicon compounds (likely siloxanes)**

- **Possibly nitrogen-containing organics**

---

# II. GC-MS Analysis Summary

## Chromatographic Peaks Identified:

| RT (min) | Compound | Match Quality | Notes |
|---|---|---|---|
| 6.356 | N-Benzyl-N′-(1-benzylamino-2,2,2-trichloroethyl)-p-tolylcarboxamidine | 476 (Low) | **Synthetic amidine; unusual, low-confidence match** |
| 7.062 | [1,1′-Bicyclopropyl]-2-octanoic acid, 2′-hexyl-, methyl ester | 768 | Long-chain ester; synthetic intermediate |
| 7.688 | 2-Undecenal | 717 | Aldehyde with known irritant/toxic properties at high exposure |
| 8.163 | Cyclopentasiloxane, decamethyl- | 820 | **Siloxane** – industrial additive or degradation product |
| 8.530 | Pentasiloxane, dodecamethyl- | 791 | **Siloxane** – found in coatings, lubricants |

File    :E:\GC-MS\All GC MS Data\2025\06\06\21 Carlson 2506003 Book d
...      irty pages.D
Operator  : JMCjr
Instrument :   Unit1 6850 ALS
Acquired  : 7 Jun 2025  00:15    using AcqMethod FAI-SPLIT-LOW.M
Sample Name: Carlson 2506003 Book dirty pages
Misc Info :



# Toxicological Considerations

|  **Potentially Concerning Compounds:**

1. **2-Undecenal**

   o   A long-chain **unsaturated aldehyde**

   o   Known to cause skin and respiratory irritation

   o   Found in oxidized oils, flavorings, or as a degradation product

2. **Siloxanes (Cyclopentasiloxane / Pentasiloxane)**

   o   Often used in industrial **coatings, inks, or paper treatments**

   o   May leach out of treated materials over time

o While not acutely toxic, **can cause dermal or respiratory irritation** and raise environmental persistence concerns

3. **Trichloroethyl amidine derivative**

   o Low match confidence, but the **presence of a trichloroethyl group** is concerning

   o If accurate, this could represent a **pesticide or antimicrobial agent**, requiring further investigation

# Conclusion

The **book's dirty pages** contain a mixture of **organic siloxanes, aldehydes, and possible trichlorinated organic compounds**, not found in clean control samples. These findings are consistent with contamination from:

- **Industrial chemicals or storage materials**

- **Intentional chemical exposure**

- **Environmental degradation of coatings, adhesives, or ink additives**

If you have any inquiries or need further clarification, please feel free to contact us. We are committed to offering additional information and addressing any concerns you may have.

Sincerely

Kaily Bissani
Vice President, General Manager

IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS
CIVIL DIVISION

BRADLEY GILLESPIE,   Plaintiff,                    )
                                                   )
                                                   )
                                                   )
v.                                                 )       Case No. BU 2U CV 71
                                                   )
                                                   )
                                                   )
JEFF ZMUDA et al, Defendant(s),                    )
                                                   )

REQUEST FOR SERVICE

To: Clerk of the District Court of Butler County, Kansas

 Please issue the Complaint and Summons in this action to the following:

Jeff Zmuda and Darcie Holthaus at:

714 SW Jackson St., Suite 300
Topeka, KS 66603

Thomas Williams, Tyler Clark, Maria Bos, Jeremy Hoepner, Paul Runnels, Francisco Ayala, Kyli Sparks, ~~Allison Osborne~~, Robin Leonard, Shelby Kreidler, Devyn Parks, Larry Teach, and Joshua Richert at:

EDCF P.O. Box 311
El Dorado, KS 67042

*Allison Osborne*
*5 Rock Ct.*
*El Dorado, Ks*
*67042*

Dated: 3-3-26

_____
Bradley Gillespie #2000086107
EDCF P.O. Box 311
El Dorado, KS 67042
Plaintiff, pro se

19

## IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS
## CIVIL DIVISION

BRADLEY GILLESPIE,　Plaintiff,　　　　　)

　　　　　　　　　　　　　　　　　　)

　　　　　　　　　　　　　　　　　　)

v.　　　　　　　　　　　　　　　　　)　　Case No. BU26CV71

　　　　　　　　　　　　　　　　　　)

　　　　　　　　　　　　　　　　　　)

JEFF ZMUDA et al, Defendant(s),　　　　)

　　　　　　　　　　　　　　　　　　)

### SUMMONS

To: Larry Teach

　A lawsuit has been filed against you.

　Within 21 days after service of this summons on you (not counting the day you receive it), you must serve the plaintiff with an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Procedure. The answer or motion must be served on the plaintiff, Bradley Gillespie #2000086107, whose address is EDCF P.O. Box 311, El Dorado, KS 67042. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your motion with the court.

Date: 3/3/26

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Clerk of the Court

33

## IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS
## CIVIL DIVISION

BRADLEY GILLESPIE,   Plaintiff,

    v.

JEFF ZMUDA et al, Defendant(s),

Case No. BU 26 CV 71

### SUMMONS

To: Shelby Kreidler

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you receive it), you must serve the plaintiff with an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Procedure. The answer or motion must be served on the plaintiff, Bradley Gillespie #2000086107, whose address is EDCF P.O. Box 311, El Dorado, KS 67042. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your motion with the court.

Date: 3/3/26

_____
Clerk of the Court

31

# IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS
## CIVIL DIVISION

BRADLEY GILLESPIE,   Plaintiff,     )
                                    )
                                    )
v.                                  )          Case No.  BU26CV71
                                    )
                                    )
                                    )
JEFF ZMUDA et al, Defendant(s),     )
                                    )

## SUMMONS

To: Allison Osborne

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you receive it), you must serve the plaintiff with an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Procedure. The answer or motion must be served on the plaintiff, Bradley Gillespie #2000086107, whose address is EDCF P.O. Box 311, El Dorado, KS 67042. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your motion with the court.

Date: 3/3/26

_____
Clerk of the Court

29

ELECTRONICALLY FILED
03/03/2026 2:12:35 PM   Central Standard Time
CLERK OF THE BUTLER COUNTY DISTRICT COURT
CASE NUMBER: BU-2026-CV-000071

## IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS
### CIVIL DIVISION

**BRADLEY GILLESPIE,**   Plaintiff,   )
)
)
**v.**   )   Case No. BU26CV71
)
)
**JEFF ZMUDA et al, Defendant(s),**   )
)

### SUMMONS

To: Francisco Ayala

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you receive it), you must serve the plaintiff with an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Procedure. The answer or motion must be served on the plaintiff, Bradley Gillespie #2000086107, whose address is EDCF P.O. Box 311, El Dorado, KS 67042. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your motion with the court.

Date: 3/3/26

_____
Clerk of the Court

27

## IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS
## CIVIL DIVISION

BRADLEY GILLESPIE,   Plaintiff,　　　　　)

　　　　　　　　　　　　　　　　　　　　　　)

　　　　　　　　　　　　　　　　　　　　　　)

v.　　　　　　　　　　　　　　　　　　　　　)　　　Case No.　BU 26CV71

　　　　　　　　　　　　　　　　　　　　　　)

　　　　　　　　　　　　　　　　　　　　　　)

JEFF ZMUDA et al, Defendant(s),　　　　　)

　　　　　　　　　　　　　　　　　　　　　　)

### SUMMONS

To: Paul Runnels

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you receive it), you must serve the plaintiff with an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Procedure. The answer or motion must be served on the plaintiff, Bradley Gillespie #2000086107, whose address is EDCF P.O. Box 311, El Dorado, KS 67042. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your motion with the court.

Date: 3/3/26

_____
Clerk of the Court

26

### IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS
### CIVIL DIVISION

BRADLEY GILLESPIE,   Plaintiff,       )
                                       )
                                       )
v.                                    )     Case No. BU 26 CV 71
                                       )
                                       )
JEFF ZMUDA et al, Defendant(s),    )
                                       )

### SUMMONS

To: Maria Bos

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you receive it), you must serve the plaintiff with an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Procedure. The answer or motion must be served on the plaintiff, Bradley Gillespie #2000086107, whose address is EDCF P.O. Box 311, El Dorado, KS 67042. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your motion with the court.

Date: 3/3/26

_____
Clerk of the Court

24

## IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS
### CIVIL DIVISION

| | |
|---|---|
| BRADLEY GILLESPIE,   Plaintiff, | ) |
| | ) |
| | ) |
| v. | )   Case No. BU 26CV71 |
| | ) |
| | ) |
| JEFF ZMUDA et al, Defendant(s), | ) |
| | ) |

### SUMMONS

To: Thomas Williams

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you receive it), you must serve the plaintiff with an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Procedure. The answer or motion must be served on the plaintiff, Bradley Gillespie #2000086107, whose address is EDCF P.O. Box 311, El Dorado, KS 67042. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your motion with the court.

Date: 3/3/26

_____
Clerk of the Court

22

## IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS
### CIVIL DIVISION

BRADLEY GILLESPIE,   Plaintiff,    )
)
)
)
v.    )    Case No. BU 26 CV 71
)
)
)
JEFF ZMUDA et al, Defendant(s),    )
)

### SUMMONS

To: Jeff Zmuda

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you receive it), you must serve the plaintiff with an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Procedure. The answer or motion must be served on the plaintiff, Bradley Gillespie #2000086107, whose address is EDCF P.O. Box 311, El Dorado, KS 67042. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your motion with the court.

Date: 3/3/26

_____
Clerk of the Court

20

## IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS
### CIVIL DIVISION

BRADLEY GILLESPIE,   Plaintiff,

)
)
)
)

v.

)   Case No. BU 26CV71

)
)
)

JEFF ZMUDA et al, Defendant(s),

)
)

**SUMMONS**

To: Tyler Clark

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you receive it), you must serve the plaintiff with an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Procedure. The answer or motion must be served on the plaintiff, Bradley Gillespie #2000086107, whose address is EDCF P.O. Box 311, El Dorado, KS 67042. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your motion with the court.

Date: 3/3/26

_____
Clerk of the Court

23

## IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS
## CIVIL DIVISION

BRADLEY GILLESPIE,   Plaintiff,      )

)

)

v.           )        Case No. *BU 26 CV 71*

)

)

JEFF ZMUDA et al, Defendant(s),      )

)

### SUMMONS

To: Darcie Holthaus

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you receive it), you must serve the plaintiff with an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Procedure. The answer or motion must be served on the plaintiff, Bradley Gillespie #2000086107, whose address is EDCF P.O. Box 311, El Dorado, KS 67042. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your motion with the court.

Date: 3/3/26

_____

Clerk of the Court

21

## IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS
## CIVIL DIVISION

BRADLEY GILLESPIE,   Plaintiff,

v.

JEFF ZMUDA et al, Defendant(s),

)
)
)
)
)
)
)
)
)

Case No. BU 26CV71

### SUMMONS

To: Joshua Richert

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you receive it), you must serve the plaintiff with an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Procedure. The answer or motion must be served on the plaintiff, Bradley Gillespie #2000086107, whose address is EDCF P.O. Box 311, El Dorado, KS 67042. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your motion with the court.

Date: 3/3/26

_____
Clerk of the Court

34

### IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS
### CIVIL DIVISION

BRADLEY GILLESPIE,   Plaintiff,                )
                                               )
                                               )
                                               )
v.                                             )      Case No.  *BU 26 CV 71*
                                               )
                                               )
JEFF ZMUDA et al, Defendant(s),                )
                                               )

### SUMMONS

To: Robin Leonard

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you receive it), you must serve the plaintiff with an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Procedure. The answer or motion must be served on the plaintiff, Bradley Gillespie #2000086107, whose address is EDCF P.O. Box 311, El Dorado, KS 67042. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your motion with the court.

Date: 3/3/26

_____
Clerk of the Court

30

## IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS
## CIVIL DIVISION

BRADLEY GILLESPIE,   Plaintiff,   )
)
)
v.   )   Case No. ฿U 26 CV 71
)
)
)
JEFF ZMUDA et al, Defendant(s),   )
)

### SUMMONS

To: Kyli Sparks

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you receive it), you must serve the plaintiff with an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Procedure. The answer or motion must be served on the plaintiff, Bradley Gillespie #2000086107, whose address is EDCF P.O. Box 311, El Dorado, KS 67042. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your motion with the court.

Date: 3/3/26

_____
Clerk of the Court

28

## IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS
## CIVIL DIVISION

BRADLEY GILLESPIE,     Plaintiff,          )
                                           )
                                           )
v.                                         )      Case No. BU 26 CV 71
                                           )
                                           )
JEFF ZMUDA et al, Defendant(s),            )
                                           )

### SUMMONS

To: Jeremy Hoepner

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you receive it), you must serve the plaintiff with an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Procedure. The answer or motion must be served on the plaintiff, Bradley Gillespie #2000086107, whose address is EDCF P.O. Box 311, El Dorado, KS 67042. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your motion with the court.

Date: 3/3/26

_____
Clerk of the Court

25

## IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS
## CIVIL DIVISION

BRADLEY GILLESPIE,  Plaintiff,                    )
                                                  )
                                                  )
v.                                                )      Case No. BU 26CV71
                                                  )
                                                  )
JEFF ZMUDA et al, Defendant(s),                   )
                                                  )

### SUMMONS

To: Devyn Parks

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you receive it), you must serve the plaintiff with an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Procedure. The answer or motion must be served on the plaintiff, Bradley Gillespie #2000086107, whose address is EDCF P.O. Box 311, El Dorado, KS 67042. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your motion with the court.

Date: 3/3/26

_____
Clerk of the Court

32

ELECTRONICALLY FILED
2026 Mar 11 AM 9:05
CLERK OF THE BUTLER COUNTY DISTRICT COURT
CASE NUMBER: BU-2026-CV-000071
PII COMPLIANT

# IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS

Bradley Thomas Gillespie #117695
vs.
Thomas Williams, Tyler Clark, Maria Bos,
Jeremy Hoepner, Paul Runnels, Francisco
Ayala, Kyli Sparks, Robin Leonard, Shelby
Kreidler, Devyn Parks, Larry Teach,
and Joshua Richert

Case No. BU-2026-CV-000071

SERVE; El Dorado Correctional Facility
1737 S.W. Highway 54
El Dorado, KS 67042

## RETURN ON SERVICE OF SUMMONS

✓ (1) **Personal Service** - on the _10_ day of _MARCH_, 2026 by delivering or offering to deliver the documents to the above-named person;

_____(2) **Residence Service** - on the ____ day of _____, 2___, by leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

_____(3) **Return Receipt Delivery** - by causing to be delivered on the _____ day of _____, 2___, the documents by return receipt delivery to the above-named person at the following address: _____ _____with delivery being made by the following person or entity: _____. A copy of the return receipt evidencing delivery is attached to this Return of Service.

Date: _3-10-26_

2026 MAR -4 P 3:21
RCVD BUTLER CO. SHERIFF

Sheriff/Deputy

Guadalupe Briseno
Deputy Sheriff
Butler County, Ks

FOR RETURN TO
BUTLER COUNTY DISTRICT COURT

ELECTRONICALLY FILED
2026 Mar 11 AM 9:27
CLERK OF THE BUTLER COUNTY DISTRICT COURT
CASE NUMBER: BU-2026-CV-000071
PII COMPLIANT

# IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS

Bradley Thomas Gillespie #117695

vs.

Thomas Williams, Tyler Clark, Maria Bos,
Jeremy Hoepner, Paul Runnels, Francisco
Ayala, Kyli Sparks, Robin Leonard, Shelby
Kreidler, Devyn Parks, Larry Teach,
and Joshua Richert

Case No. BU-2026-CV-000071

SERVE; El Dorado Correctional Facility
1737 S.W. Highway 54          — NFA
El Dorado, KS 67042

## RETURN ON SERVICE OF SUMMONS

_____(1)  **Personal Service** - on the _____ day of _____, 2____,  by delivering or offering to deliver the documents to the above-named person;

_____(2)  **Residence Service** - on the ____ day of _____, 2____,  by leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

_____(3)  **Return Receipt Delivery** - by causing to be delivered on the _____ day of _____, 2___, the documents by return receipt delivery to the above-named person at the following address: _____ _____with delivery being made by the following person or entity: _____. A copy of the return receipt evidencing delivery is attached to this Return of Service.

✓  4  NO SERVICE  — DOES NOT WORK HERE — NFA ANYMORE

Date: 3-10-26

Sheriff/Deputy

Guadalupe Briseno
Deputy Sheriff
Butler County, Ks

ELECTRONICALLY FILED
2026 Mar 11 AM 9:39
CLERK OF THE BUTLER COUNTY DISTRICT COURT
CASE NUMBER: BU-2026-CV-000071
PII COMPLIANT

# IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS

Bradley Thomas Gillespie #117695
vs.
Thomas Williams, Tyler Clark, Maria Bos,
Jeremy Hoepner, Paul Runnels, Francisco
Ayala, Kyli Sparks, Robin Leonard, Shelby
Kreidler, Devyn Parks, Larry Teach,
and Joshua Richert

Case No. BU-2026-CV-000071

SERVE; El Dorado Correctional Facility
1737 S.W. Highway 54
El Dorado, KS 67042

## RETURN ON SERVICE OF SUMMONS

__✓__(1) **Personal Service** - on the _10_ day of _MARCH_, 2_026_ by delivering or offering to deliver the documents to the above-named person;

_____(2) **Residence Service** - on the ____ day of _____, 2___, by leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

_____(3) **Return Receipt Delivery** - by causing to be delivered on the _____ day of _____, 2___, the documents by return receipt delivery to the above-named person at the following address: _____ _____with delivery being made by the following person or entity: _____. A copy of the return receipt evidencing delivery is attached to this Return of Service.

_____.

Date: _3-10-26_                                  _____

Sheriff/Deputy

2026 MAR -4 P 3:22

RCVD BUTLER CO. SHERIFF

Guadalupe Briceno
Deputy Sheriff
Butler County, Ks

FOR RETURN TO
BUTLER COUNTY DISTRICT COURT

ELECTRONICALLY FILED
2026 Mar 11 AM 9:39
CLERK OF THE BUTLER COUNTY DISTRICT COURT
CASE NUMBER: BU-2026-CV-000071
PII COMPLIANT

## IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS

Bradley Thomas Gillespie #117695

Case No. BU-2026-CV-000071

vs.

Thomas Williams, Tyler Clark, Maria Bos, Jeremy Hoepner, Paul Runnels, Francisco Ayala, Kyli Sparks, Robin Leonard, Shelby Kreidler, Devyn Parks, Larry Teach, and Joshua Richert

SERVE; El Dorado Correctional Facility
1737 S.W. Highway 54
El Dorado, KS 67042

## RETURN ON SERVICE OF SUMMONS

✓ (1) **Personal Service** - on the _10_ day of _MARCH_, 202_6_, by delivering or offering to deliver the documents to the above-named person;

____ (2) **Residence Service** - on the ____ day of _____, 2___, by leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

____ (3) **Return Receipt Delivery** - by causing to be delivered on the ____ day of _____, 2___, the documents by return receipt delivery to the above-named person at the following address: _____ _____with delivery being made by the following person or entity: _____. A copy of the return receipt evidencing delivery is attached to this Return of Service.

_____.

Date: _3-10-26_ _____
Sheriff/Deputy

2026 MAR -4 P 3:22

RCVD BUTLER CO SHERIFF

Guadalupe Briseno
Deputy Sheriff
Butler County, Ks

ELECTRONICALLY FILED
2026 Mar 11 AM 9:39
CLERK OF THE BUTLER COUNTY DISTRICT COURT
CASE NUMBER: BU-2026-CV-000071
PII COMPLIANT

# IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS

Bradley Thomas Gillespie #117695

vs.

Thomas Williams, Tyler Clark, Maria Bos,
Jeremy Hoepner, Paul Runnels, Francisco
Ayala, Kyli Sparks, Robin Leonard, Shelby
Kreidler, Devyn Parks, Larry Teach,
and Joshua Richert

Case No. BU-2026-CV-000071

SERVE; El Dorado Correctional Facility
      1737 S.W. Highway 54
      El Dorado, KS 67042

## RETURN ON SERVICE OF SUMMONS

_____ (1) **Personal Service** - on the __10__ day of __MARCH__, 2_026_, by delivering or offering to deliver the documents to the above-named person;

_____ (2) **Residence Service** - on the ____ day of _____, 2___, by leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

_____ (3) **Return Receipt Delivery** - by causing to be delivered on the _____ day of _____, 2___, the documents by return receipt delivery to the above-named person at the following address: _____ _____with delivery being made by the following person or entity: _____. A copy of the return receipt evidencing delivery is attached to this Return of Service.

_____.

Date: __3-10 · 26__

2026 MAR -4 P 3:22
RCVD BUTLER CO SHERIFF

Sheriff/Deputy

Guadalupe Briceno
Deputy Sheriff
Butler County, Ks

FOR RETURN TO
BUTLER COUNTY DISTRICT COURT

ELECTRONICALLY FILED
2026 Mar 11 AM 9:39
CLERK OF THE BUTLER COUNTY DISTRICT COURT
CASE NUMBER: BU-2026-CV-000071
PII COMPLIANT

## IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS

Bradley Thomas Gillespie #117695
vs.
Thomas Williams, Tyler Clark, Maria Bos,
Jeremy Hoepner, Paul Runnels, Francisco
Ayala, Kyli Sparks, Robin Leonard, Shelby
Kreidler, Devyn Parks, Larry Teach,
and Joshua Richert

Case No. BU-2026-CV-000071

SERVE; El Dorado Correctional Facility
1737 S.W. Highway 54
El Dorado, KS 67042

## RETURN ON SERVICE OF SUMMONS

_____(1) **Personal Service** - on the _10_ day of _MARCH_, 20_26_ by delivering or offering to deliver the documents to the above-named person;

_____(2) **Residence Service** - on the ____ day of _____, 2___, by leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

_____(3) **Return Receipt Delivery** - by causing to be delivered on the _____ day of _____, 2___, the documents by return receipt delivery to the above-named person at the following address: _____ _____with delivery being made by the following person or entity: _____. A copy of the return receipt evidencing delivery is attached to this Return of Service.

Date: _3-10-26_

Sheriff/Deputy

Guadalupe Brisono
Deputy Sheriff
Butler County, Ks

FOR RETURN TO
BUTLER COUNTY DISTRICT COURT

# IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS

Bradley Thomas Gillespie #117695

vs.

Thomas Williams, Tyler Clark, Maria Bos, Jeremy Hoepner, Paul Runnels, Francisco Ayala, Kyli Sparks, Robin Leonard, Shelby Kreidler, Devyn Parks, Larry Teach, and Joshua Richert

Case No. BU-2026-CV-000071

SERVE; El Dorado Correctional Facility
1737 S.W. Highway 54
El Dorado, KS 67042

## RETURN ON SERVICE OF SUMMONS

√ (1) **Personal Service** - on the _10_ day of _MARCH_, 20_26_, by delivering or offering to deliver the documents to the above-named person;

____(2) **Residence Service** - on the ____ day of _____, 2___, by leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

____(3) **Return Receipt Delivery** - by causing to be delivered on the _____ day of _____, 2___, the documents by return receipt delivery to the above-named person at the following address: _____ _____with delivery being made by the following person or entity: _____. A copy of the return receipt evidencing delivery is attached to this Return of Service.

_____.

Date:___3-10-26___

_____
Sheriff/Deputy

Guadalupe Brisano
Deputy Sheriff
Butler County, Ks

RCVD BUTLER CO SHERIFF
2026 MAR -4 PM 3:22

FOR RETURN TO
BUTLER COUNTY DISTRICT COURT

# IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS

Bradley Thomas Gillespie #117695

vs.

Thomas Williams, Tyler Clark, Maria Bos,
Jeremy Hoepner, Paul Runnels, Francisco
Ayala, Kyli Sparks, Robin Leonard, Shelby
Kreidler, Devyn Parks, Larry Teach,
and Joshua Richert

Case No. BU-2026-CV-000071

SERVE; El Dorado Correctional Facility
   1737 S.W. Highway 54
   El Dorado, KS 67042

## RETURN ON SERVICE OF SUMMONS

_✓_(1) **Personal Service** - on the _10_ day of _MARCH_, 2026 by delivering or offering to deliver the documents to the above-named person;

_____(2) **Residence Service** - on the ____ day of _____, 2___, by leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

_____(3) **Return Receipt Delivery** - by causing to be delivered on the _____ day of _____, 2___, the documents by return receipt delivery to the above-named person at the following address: _____ _____with delivery being made by the following person or entity: _____. A copy of the return receipt evidencing delivery is attached to this Return of Service.

_____.

Date: _3-10-26_

Guadalupe Briseno
Deputy Sheriff
Butler County, Ks

Sheriff/Deputy

ELECTRONICALLY FILED
2026 Mar 11 AM 9:39
CLERK OF THE BUTLER COUNTY DISTRICT COURT
CASE NUMBER: BU-2026-CV-000071
PII COMPLIANT

# IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS

Bradley Thomas Gillespie #117695

vs.

Thomas Williams, Tyler Clark, Maria Bos, Jeremy Hoepner, Paul Runnels, Francisco Ayala, Kyli Sparks, Robin Leonard, Shelby Kreidler, Devyn Parks, Larry Teach, and Joshua Richert

Case No. BU-2026-CV-000071

SERVE; El Dorado Correctional Facility
1737 S.W. Highway 54
El Dorado, KS 67042

## RETURN ON SERVICE OF SUMMONS

___✓__(1) **Personal Service** - on the _10_ day of _MARCH_____, 2_026_ by delivering or offering to deliver the documents to the above-named person;

_____(2) **Residence Service** - on the ____ day of _____, 2____, by leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

_____(3) **Return Receipt Delivery** - by causing to be delivered on the _____ day of _____, 2____, the documents by return receipt delivery to the above-named person at the following address: _____ _____with delivery being made by the following person or entity: _____. A copy of the return receipt evidencing delivery is attached to this Return of Service.

_____.

Date:__3-10-26____ _____

Sheriff/Deputy

IZ :E d h- UVW 9Z0Z
JJIUHS OO UJ1LNG OAJU

Guadalupe Briseno
Deputy Sheriff
Butler County, Ks

ELECTRONICALLY FILED
2026 Mar 11 AM 9:39
CLERK OF THE BUTLER COUNTY DISTRICT COURT
CASE NUMBER: BU-2026-CV-000071
PII COMPLIANT

# IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS

Bradley Thomas Gillespie #117695

vs.

Thomas Williams, Tyler Clark, Maria Bos,
Jeremy Hoepner, Paul Runnels, Francisco
Ayala, Kyli Sparks, Robin Leonard, Shelby
Kreidler, Devyn Parks, Larry Teach,
and Joshua Richert

Case No. BU-2026-CV-000071

SERVE; El Dorado Correctional Facility
1737 S.W. Highway 54
El Dorado, KS 67042

## RETURN ON SERVICE OF SUMMONS

_√_(1) **Personal Service** - on the _10_ day of _MARCH_, 2_026_ by delivering or offering to deliver the documents to the above-named person;

_____(2) **Residence Service** - on the _____ day of _____, 2___, by leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

_____(3) **Return Receipt Delivery** - by causing to be delivered on the _____ day of _____, 2___, the documents by return receipt delivery to the above-named person at the following address: _____ _____with delivery being made by the following person or entity: _____. A copy of the return receipt evidencing delivery is attached to this Return of Service.

_____.

Date:_ 3-10-26 _

_____
Sheriff/Deputy

12 ⁙ Ⅎ ㄐ ㄇ- ㄩ∀ꟽ 9202
ℲℲIꓤƎHS OƆ ꓤƎ⅃�411B O∀Ɔꓤ

Guadalupe Briseno
Deputy Sheriff
Butler County, Ks

| | | | |
|---|---|---|---|
| Court Case # | BU-2026-CV-000071 | Service On: Darcie Holthaus | Butler County |
| Sheriff # | 26005581 | | Court Date: |
| Received Date: | 03/06/2026 04:25 PM | | |

Bradley Gillespie

VS

Jeff Zmuda

## RETURN OF SERVICE OF SUMMONS/PETITION

I hereby certify that I have served this Summons/Petition:

**Agent Service.** By delivering a copy of such document to each of the following agents authorized by appointment or by law to receive service of process on the dates indicated. James Todd--asst A G Registered Agent/Officer, 714 SW Jackson St Ste 300 Topeka KS 66603, March 10th, 2026 10:26 AM

Pursuant to K.S.A. 53-601, as amended, I declare under penalty of perjury that the foregoing is true and correct. Executed on March 10th, 2026.

*Wayne Beaman*
Wayne H Beaman
Shawnee County Sheriff's Office
320 S. Kansas Ave. Suite 200
Topeka, KS 66603

Attorney Name:

Attorney Address:

Attorney File Number:

**RETURN TO:**
**Butler County District Court**
**201 W. Pine**
**El Dorado KS 67042**
**316-322-4358**

| Court Case # | BU-2026-CV-000071 | Service On: | Jeff Zmuda | Butler County |
|---|---|---|---|---|

Sheriff #          26005580                                                                            Court Date:

Received Date:  03/06/2026 04:22 PM

Bradley Gillespie

VS

Jeff Zmuda

## RETURN OF SERVICE OF SUMMONS/PETITION

I hereby certify that I have served this Summons/Petition:

**Agent Service.** By delivering a copy of such document to each of the following agents authorized by appointment or by law to receive service of process on the dates indicated. James Todd--asst A G Registered Agent/Officer, 714 SW Jackson St  Suite 300 Topeka KS 66603, March 10th, 2026 10:26 AM

Pursuant to K.S.A. 53-601, as amended, I declare under penalty of perjury that the foregoing is true and correct. Executed on March 10th, 2026.

*Wayne Beaman*

Wayne H Beaman
Shawnee County Sheriff's Office
320 S. Kansas Ave. Suite 200
Topeka, KS 66603

Attorney Name:

Attorney Address:

Attorney File Number:

**RETURN TO:**
**Butler County District Court**
**201 W. Pine**
**El Dorado KS 67042**
**316-322-4358**

ELECTRONICALLY FILED
2026 Mar 12 AM 10:53
CLERK OF THE BUTLER COUNTY DISTRICT COURT
CASE NUMBER: BU-2026-CV-000071
PII COMPLIANT

# IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS

Bradley Thomas Gillespie #117695

Case No. BU-2026-CV-000071

vs.

Thomas Williams, Tyler Clark, Maria Bos,
Jeremy Hoepner, Paul Runnels, Francisco
Ayala, Kyli Sparks, Robin Leonard, Shelby
Kreidler, Devyn Parks, Larry Teach,
and Joshua Richert.

SERVE; El Dorado Correctional Facility
1737 S.W. Highway 54
El Dorado, KS 67042

## RETURN ON SERVICE OF SUMMONS

____(1) **Personal Service** - on the _10_ day of _MARCH_, 20_26_ by delivering or offering to deliver the documents to the above-named person;

____(2) **Residence Service** - on the ____ day of _____, 2____, by leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

____(3) **Return Receipt Delivery** - by causing to be delivered on the _____ day of _____, 2____, the documents by return receipt delivery to the above-named person at the following address: _____ _____ with delivery being made by the following person or entity: _____. A copy of the return receipt evidencing delivery is attached to this Return of Service.

_____.

Date:_3-11-26_

RCVD BUTLER CO SHERIFF
2026 MAR -4 P 3:21

Sheriff/Deputy

Guadalupe Briseno
Deputy Sheriff
Butler County, Ks

Bradley Gillespie #2000086107
EDCF P.O. Box 311
El Dorado, KS 67042

## IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS
### CIVIL DIVISION

BRADLEY GILLESPIE )
     Plaintiff, )
    )
    )
v.     )    Case No. BU-2026-CV-000071
    )
JEFF ZMUDA ..., et al. )
    Defendants. )

## MOTION FOR TEMPORARY
## RESTRAINING ORDER

Plaintiff, Bradley Gillespie, moves this Honorable Court for a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b) to immediately halt ongoing constitutional violations and retaliations.

### GROUNDS

1. Plaintiff, Bradley Gillespie, retains the right to file this Temporary Restraining Order under Fed. R. Civ. P. 65(b) pursuant to the Supremacy Clause because Mr. Gillespie has filed a Civil Rights Complaint under 42 U.S.C. § 1983. See *Felder v. Casey, 487 U.S. 131 (1988); Heck v. Humphrey, 512 U.S. 477 (1994)*.

2. Defendants are engaging in ongoing mail censorships, retaliation, obstruction, and intimidation.

3. Immediate and irreparable harm may occur absent emergency relief.

4. Plaintiff, Bradley Gillespie, has a strong likelihood of success on the merits.

5. Notice should be excused or shortened due to urgency and risk of further retaliation.

6. On March 6, 2026, between 9:00 a.m. and 10:00 a.m., after receiving notice of ongoing lawsuit litigation, EAI Officers Ian Cullinan, and Evan Payne went to plaintiff's cell to do a cell inspection in order a to retaliate, threaten, and intimidate Bradley Gillespie.

7.  El Dorado Correctional Facility staff, in particular, former EAI Officer Francisco Ayala threatened to arrest plaintiff, Bradley Gillespie's, mother for using their constitutional rights to seek relief for unconstitutional mail censorships.

REQUESTED EMERGENCY RELIEF

Plaintiff, Bradley Gillespie, requests this Honorable Court to issue an order temporarily against Defendants from:

- Censoring Plaintiff, Bradley Gillespie's, mail unconstitutionally under unwritten rules that are unpublished.

- Interfering with Bradley Gillespie's constitutional right to access the court for relief of well established laws and constitutional rights.

- Retaliating, threatening, and intimidating Bradley Gillespie for using his constitutional rights to access the courts for relief of constitutional violations.

Respectfully submitted,

_Bradley Gillespie_
Bradley Gillespie #2000086107
EDCF P.O. Box 311
El Dorado, KS 67042
Plaintiff, pro se

## VERIFICATION

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on March ___9th___, 2026

_Bradley Gillespie_
Bradley Gillespie

FOR RETURN TO
BUTLER COUNTY DISTRICT COURT

## IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS

Bradley Thomas Gillespie #117695

vs.

Thomas Williams, Tyler Clark, Maria Bos,
Jeremy Hoepner, Paul Runnels, Francisco
Ayala, Kyli Sparks, Robin Leonard, Shelby
Kreidler, Devyn Parks, Larry Teach,
and Joshua Richert

Case No. BU-2026-CV-000071

SERVE; El Dorado Correctional Facility
1737 S.W. Highway 54
El Dorado, KS 67042

### RETURN ON SERVICE OF SUMMONS

✓ _____(1) **Personal Service** - on the _16_ day of _MARCH_, 2_026_, by delivering or offering to deliver the documents to the above-named person;

_____(2) **Residence Service** - on the ____ day of _____, 2___, by leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

_____(3) **Return Receipt Delivery** - by causing to be delivered on the _____ day of _____, 2___, the documents by return receipt delivery to the above-named person at the following address: _____ _____with delivery being made by the following person or entity: _____. A copy of the return receipt evidencing delivery is attached to this Return of Service.

_____.

Date: _3-16-26_                                                                    Sheriff/Deputy

2026 MAR -4 P 3:21
RCVD BUTLER CO SHERIFF

Guadalupe Briseno
Deputy Sheriff
Butler County, Ks

FOR RETURN TO
BUTLER COUNTY DISTRICT COURT

# IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS

Bradley Thomas Gillespie
#117695
vs.
Allison Osborne
5 Rock Ct
El Dorado KS 67042

Case No. BU-2026-CV-000071

## RETURN ON SERVICE OF SUMMONS

__X__ (1) **Personal Service** - on the __18__ day of __March__, 2026, by delivering or offering to deliver the documents to the above-named person;

_____ (2) **Residence Service** - on the ____ day of _____, 2___, by leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

_____ (3) **Return Receipt Delivery** - by causing to be delivered on the _____ day of _____, 2___, the documents by return receipt delivery to the above-named person at the following address: _____ _____with delivery being made by the following person or entity: _____. A copy of the return receipt evidencing delivery is attached to this Return of Service.

_____ (4) **Return Receipt Delivery Refused** - by mailing on the _____ day of _____, 2___, the documents by first-class, postage prepaid, to the above-named person at the following address: _____.

_____ (5) **No Service**. The above-named person was not served for the following reason(s):_____

Date _____
March 19, 2026

2026 MAR -4 P 3:22
RCVD BUTLER CO SHERIFF

_Scott McMurphy_
Scott McMurphy
Deputy Sheriff
Butler County, KS

Sheriff/Deputy