**FILED**
**U.S. District Court**
**District of Kansas**
04/01/2026

**Clerk, U.S. District Court**
**By:** _JAL_ **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**BRADLEY GILLESPIE,**

**Plaintiff,**

**v.**                                                        **CASE NO. 26-1073-JWL**

**JEFF ZMUDA, et al.,**

**Defendant.**

## MEMORANDUM AND ORDER

Plaintiff filed this action under 42 U.S.C. § 1983 on March 3, 2026, in the District Court of Butler County, Kansas.  (Doc. 1–1.)  The matter was removed to this Court on March 27, 2026, pursuant to 28 U.S.C. §§ 1441 and 1446.  (Doc. 1.)  Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas.

Plaintiff filed this action in state court, and Defendants removed the action to this Court. Because Plaintiff is a prisoner and his Complaint seeks redress from a governmental entity or officer or employee of a governmental entity, it is subject to screening under 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915A(a) ("The Court shall review . . . as soon as practical after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *see also Crosby v. U.S. Attorney's Office*, 2020 WL 1271825, at *3 (D. Kan. 2020) (screening amended complaint after removal from state court); *King v. Hill*, 2022 WL 1185124, at *3 (S.D. Ill. 2022) (finding that claims properly removed to the federal court were subject to screening under Section 1915A); *Biron v. Carvajal*, 2021 WL 3047250, at *35 (D. Minn. 2021) (stating that "the Court agrees with Defendants that cases removed from state court are subject to screening under § 1915A" and "courts in this District have

done so"); *Johnson v. Bedwell*, 2017 WL 4539918, at *1 (S.D. Ind. 2017) ("Although the filing fee was paid at the time this action was removed to this Court, this action is still subject to screening under 28 U.S.C. § 1915A.").

The Court stays the answer deadline pending this Court's screening of Plaintiff's Complaint under § 1915A. The Court will enter an order after screening is complete.

On March 12, 2026,—prior to the removal of the case to this Court—Plaintiff filed a Motion for Temporary Restraining Order in state court. *See* Doc. 1–1, at 93–94. It does not appear that the motion was ruled on prior to removal. Plaintiff seeks an injunction prohibiting Defendants from censoring his mail, interfering with his access to the courts, and retaliating against him. (Doc. 1–1, at 94.) Plaintiff filed this same motion in the case that he filed in this Court on December 5, 2025. *See Gillespie v. Holthaus*, Case No. 25-3265-JWL.

The Court denied this same Motion for Temporary Restraining Order that Plaintiff filed in Case No. 25-3265. In a Memorandum and Order entered on March 13, 2026, the Court denied the motion finding that "Plaintiff has not met his burden to make a heightened showing that entry of a TRO is warranted. He has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal." *Id*. at Doc. 12, at 19. The Court denies the current motion based on the same reasoning set forth in denying Plaintiff's motion in Case No. 25-3265. *Id*. at 16–19.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Temporary Restraining Order (Doc. 1–1, at 93–94) is **denied.**

**IT IS FURTHER ORDERED** that the deadline for Defendants to answer or otherwise respond to the Complaint is **stayed** pending further order of the Court.

2

**IT IS SO ORDERED**.

**Dated April 1, 2026, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE