**FILED**
**U.S. District Court**
**District of Kansas**
04/16/2026
**Clerk, U.S. District Court**
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

BRADLEY GILLESPIE,

      **Plaintiff,**

      v.                                                    **CASE NO. 26-1073-JWL**

JEFF ZMUDA, et al.,

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff filed this action under 42 U.S.C. § 1983 on March 3, 2026, in the District Court of Butler County, Kansas. (Doc. 1–1.) The matter was removed to this Court on March 27, 2026, pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1.) Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). On April 1, 2026, the Court entered a Memorandum and Order (Doc. 18) finding that this action is subject to the Court's screening under 28 U.S.C. § 1915A, and staying the answer deadline pending the Court's screening. This matter is before the Court on Plaintiff's response (Doc. 19), Motion for an Order and Remand (Doc. 20), and Motion to Admit Evidence (Doc. 21).

In his response, Plaintiff claims he did not receive notice of the removal and asks the Court to remand the case back to state court. (Doc. 19.) Plaintiff suggests that he filed the state action based on the alleged violations of state statutes and regulations. *Id*. at 2. Plaintiff asks the Court to sever the state law claims—Counts 6, 7, 8, 9, and 10— and remand them back to state court. *Id*. at 3.

Plaintiff has also filed a Motion for an Order and Remand (Doc. 20) alleging that Defendant Francisco Ayala is not represented by counsel that filed the notice of removal and therefore has not agreed to removal as required by 28 U.S.C. § 1441. (Doc. 20, at 2.) Plaintiff also claims that

1

he has not been served with any of the removal documents. *Id*. Plaintiff has filed a Motion to Admit Evidence (Doc. 21) seeking to admit evidence in support of his allegation that he has not been served with the removal documents. He claims that EDCF either held his mail or it was not properly sent. *Id*. The Notice of Removal in this case was filed on March 27, 2026. The document attached to Plaintiff's motion reflects mail received by EDCF staff on April 13, 2026, and signed for by Plaintiff on April 15, 2026. (Doc. 21–1.) The Court will grant Defendants an opportunity to respond to Plaintiff's response and motions.

Plaintiff's claims in his complaint in this case are as follows: Count 1 – Supervisory Liability; Count 2 – Supervisory Liability; Count 3 – Mail Censorship; Count 4 – Censorship of GTL Messages and Pictures; Count 5 – Censorship of Publications; Count 6 – Property and Liberty Interest in Wages; Count 7 – Clemency Interference; Count 8 – Denial of Access to the Courts (Clemency); Count 9 – Property Liberty Interest (Books & Fundraiser Goods); and Count 10 – Retaliation for Protected Activity. Plaintiff claims that Counts 6, 7, 8, 9, and 10 should be remanded back to state court.

Defendants should respond and indicate if there are any federal claims in this case that are not part of Plaintiff's Amended Complaint in Case No. 25-3265. Plaintiff's complaint in this removed case raises claims based on censorship at EDCF. *See* Doc. 1–1, at 5–8. This claim appears to be the same claim raised in Case No. 25-3265. Plaintiff also raises retaliation and court access claims. The Court has ordered a *Martinez* Report in Case No. 25-3265 addressing the mail censorship issues and Plaintiff's retaliation claims. The complaint in this removed case also appears to raise claims that the Court has either already dismissed in Case No. 25-3265 or that are subject to dismissal in that case. Defendants should indicate if there are any federal claims that

are either not raised in Case No. 25-3265 or that cannot be joined to the claims in Case No. 25-3265.

"If a complaint filed in state court asserts federal-law claims, the defendant may remove the case to federal court." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 25 (2025) (citing 28 U.S.C. § 1441(a)). "And if the complaint also asserts state-law claims arising out of the same facts, the federal court may adjudicate those claims too, in the exercise of what is called supplemental jurisdiction." *Id*. (citing *see* § 1367). Under § 1367, supplemental jurisdiction "is to some extent discretionary." *Id*. at 27. A district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." *Id*. at 32 (citing 28 U.S.C. § 1367(c)(3)). In that situation, "federal law is not where the real action is . . . [s]o although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court." *Id*. (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 726–27 (1966)).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants are granted until **May 1, 2026,** to respond to Plaintiff's response and motions at Docs. 19, 20, and 21.

**IT IS FURTHER ORDERED** that Defendants are also granted until **May 1, 2026,** to respond to this Memorandum and Order and to indicate if there are any federal claims in this case that are either not raised in Case No. 25-3265 or that cannot be joined to the claims in Case No. 25-3265.

**IT IS SO ORDERED**.

**Dated April 16, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

3