**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **BRADLEY GILLESPIE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No: 26-1073-JWL** |
| | ) | |
| **JEFF ZMUDA, et al.,** | ) | |
| **Defendants.** | ) | |

**CONSOLIDATED RESPONSE TO PLAINTIFF'S REQUESTS AND MOTIONS**

COME NOW, Kansas Department of Corrections (KDOC) and El Dorado Correctional

Facility (EDCF) employees and defendants, Jeff Zmuda, Darcie Holthaus, Tommy Williams,

Tyler Clark, Maria Bos, Jeremy Hoepner, Paul Runnels, Francisco Ayala, Kyli Sparks, Allison

Osborne, Robin Leonard, Shelby Kreidler, Devyn Parks, Larry Teach, and Joshua Richert

(collectively the "Defendants"), through attorney, Elizabeth Fowler, and respond to Plaintiff's

Motion to Admit Evidence (Doc. 21), Plaintiff's Request for Remand (Doc. 19), and Plaintiff's

Motion for an Order and Remand (Doc. 20).  The Defendants do state and suggest as follows:

**Plaintiff's Motion to Admit Evidence**

On April 15, 2026, Plaintiff filed his Motion to Admit Evidence (Doc. 21) in which

Plaintiff suggests that he was not served with Notice of the Removal to Federal Court (Doc. 1)

until April 15, 2026.  The Plaintiff attaches an exhibit to his Motion, which includes a legal mail

delivery form and a photocopy of the front of a post-marked envelope addressed to Plaintiff,

from the KDOC Central Office.  The legal mail delivery form confirms that mail from the

KDOC Central office was received by the EDCF on April 13, 2026, and delivered to Plaintiff on

April 15, 2026.  The post-mark on the attached envelope, though faint, indicates a date of March

30, 2026, as Plaintiff also acknowledges in his Motion. Plaintiff argues that the delay in his

receipt of the Notice of the Removal to Court from Defendants denies the Plaintiff of due process, fair notice, and his right to be heard.

Undersigned counsel electronically filed the Notice of Removal on Friday, March 27, 2026. A copy of said Notice was placed in the mail on Friday, March 27, 2026, however, due to the late time of day, the mail was not picked up and post-marked for delivery until Monday, March 30, 2026. Due to the substantial size of the envelope mailed to Plaintiff, undersigned counsel emailed a notice to the EDCF mail room supervisor and Deputy Warden of Support Services, on March 27, 2026, so that both would be aware of its imminent arrival. *See* Exhibit A.

Defendants agree that, based upon the documentation provided by Plaintiff, there does appear to have been a delay in the transmission of the envelope containing the Notice of Removal. However, Plaintiff's argument that this mail was either intentionally withheld by undersigned counsel or by the EDCF, is unsupported by any evidence and is without merit.

Despite the apparent untimely delivery of the copy of the Notice of Removal from Defendants, the Plaintiff clearly did receive the Notice of Removal along with this Court's Memorandum and Order (Doc. 18) entered on April 1, 2026. In fact, prior to his filing of this Motion on April 15, 2026, Plaintiff filed his Request for Remand on April 8, 2026 and then his Motion for an Order and Remand on April 9, 2026 – in both, Plaintiff cites the Notice of Removal filed by Defendants, states his opposition, and asks for remand to the Butler County District Court. Plaintiff fails to demonstrate how he has been prejudiced or otherwise denied due process.

Defendants do not oppose the Court's receipt of Plaintiff's Motion to Admit Evidence and his attached exhibit, however, Defendants do dispute Plaintiff's allegation of intentional misconduct by KDOC staff and/or the unethical practice of undersigned counsel. Defendants

request this Court find that the Plaintiff has not been prejudiced and has been provided an opportunity to be heard by this Court as it relates to his opposition to Defendants' Notice of Removal.

**Plaintiff's Request for Remand**

On April 8, 2026, Plaintiff filed his Response to Memorandum & Order and Request for Remand (Doc. 19) in which Plaintiff asks this Court to remand this case back to the Butler County District Court.  In support of this request, Plaintiff argues that remand is necessary because he failed to receive the Notice of Removal filed by the Defendants, violating his due process rights.  While a Plaintiff may, and in this instance the Plaintiff does oppose removal to federal court, there is no provision under 28 U.S.C. §1446 requiring Defendants to seek a Plaintiff's blessing or provide the Plaintiff an advance opportunity to oppose the Notice of Removal prior to filing.  Remand is not the remedy for untimely service of the Notice of Removal.

Plaintiff also suggests that his Petition, originally filed in BU-2026-CV-000071, advances no federal claims and is separate and district from the claims made in his other pending petition before this Court, filed in Case Number 25-3265.  Such a representation to this Court is misleading, at best.

Plaintiff further argues that he is prejudiced by the removal of the case to federal court, but fails to explain how. Plaintiff claims he is at a disadvantage because those issues which involve state statutes, "would be dead on arrival according to federal case law and rules."  This Court has jurisdiction over federal claims and the full authority to exercise supplemental jurisdiction over state law claims arising out of the same facts.  What the Plaintiff is really trying to articulate, and what he knows is, that this Court, in  Case Number 25-3265-JWL, already

dismissed two of the defendants who are also named herein, Darcie Holthaus and Jeremy Hoepner, after determining that Plaintiff had failed to state a claim against them – a claim very similar to the one advanced against those same defendants in this matter.

In the alternative, Plaintiff asks this Court, to remand Counts Six (6), Seven (7), Eight (8), Nine (9), and Ten (10) back to the state Court, arguing those are solely matters of state law. However, in each and every count, six (6) – ten (10), the Plaintiff alleges violations of the Fourteenth and/or First Amendment of the Constitution of the United States.  While the Plaintiff makes reference to Kansas state statutes and regulations in his Petition, there is no articulable reason to sever those counts.  This Court is in as good a position, if not better, to determine the merits of all of Plaintiff's claims because it is in the position to consolidate Plaintiff's litigation and pare down the viable counts and defendants.

Defendants request that this Court deny the Plaintiff's request to remand this matter in whole, or in part, to the Butler County District Court.

## Motion for an Order and Remand

On April 9, 2026, Plaintiff filed his Motion for an Order and Remand (Doc. 20) in which Plaintiff asks this Court to remand this case back to the Butler County District Court because defendant Francisco Ayala did not consent to the removal to federal court.  Plaintiff is correct that undersigned counsel did not represent defendant Ayala, at the time the Notice of Removal was filed with this Court.  Pursuant to 28 U.S.C. §1441(b), defendants have only thirty (30) days after service of summons to file a notice of removal to federal court. As of March 27, 2026, defendant Ayala, who was no longer an employee of the EDCF or KDOC, had not been properly served with summons in the underlying Case Number BU-2026-CV-000071.  Undersigned counsel represented all served defendants at the time the Notice of Removal was filed. The

consent of parties not properly joined or served is not required to remove a case to federal court. Furthermore, defendant Ayala has since been served, and is now represented along with all other named defendants.

WHEREFORE, the Defendants respectfully request that this Court deny Plaintiff's requests for remand of this matter, whether in whole or in part, and that further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

*/s  Elizabeth E. Fowler*
Elizabeth E. Fowler                #27839
Legal Counsel
Kansas Department of Corrections
714 SW Jackson Street, Suite 300
Topeka, Kansas 66603
Phone:  785.600.0698
Fax:  785.783.6950
E-mail: elizabeth.fowler@ks.gov
Attorney for Defendants

## CERTIFICATE OF MAILING

I hereby certify that on this 1st day of May, 2026, a true and correct copy of the above and foregoing was filed via the Court's electronic filing system with a copy placed in U.S. mail, postage prepaid, addressed to:

Bradley Gillespie #2000086107
EDCF
PO Box 311
El Dorado, KS 67042

/s  *Elizabeth E. Fowler*
Elizabeth E. Fowler
Attorney for Defendants