# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BRADLEY GILLESPIE,                    )
                **Plaintiff,**        )
                                            )

vs.                                   )
                                            )    **Case No: 26-1073-JWL**
                                            )

JEFF ZMUDA, et al.,                   )
                **Defendants.**      )

## RESPONSE TO MEMORANDUM AND ORDER

COME NOW, Kansas Department of Corrections (KDOC) and El Dorado Correctional Facility (EDCF) employees and defendants, Jeff Zmuda, Darcie Holthaus, Tommy Williams, Tyler Clark, Maria Bos, Jeremy Hoepner, Paul Runnels, Francisco Ayala, Kyli Sparks, Robin Leonard, Allison Osborne, Shelby Kreidler, Devyn Parks, Larry Teach, and Joshua Richert (collectively "Defendants"), through attorney, Elizabeth Fowler, and in response to the Court's Memorandum and Order (Doc. 22), state and suggest as follows:

There are no federal claims filed by the Plaintiff in this case, that are either not raised by the Plaintiff in Case Number 25-3265 or that cannot be joined to the claims in Case Number 25-3265. While the Plaintiff did add and withdraw some named defendants to this case, eleven (11) of the defendants named in this case, were also named in the original Petition filed in Case Number 25-3265 (Doc. 1). This case, same as Case Number 25-3265, was filed as "a civil action authorized by 42 U.S.C. §1983 to redress the deprivation, under color of state laws, of rights secured by the Constitution of the United States" (Doc. 1). The Plaintiff's claims in this case are not identical to those filed in Case Number 25-3265, but share theories of recovery already noted by this Court in its Memorandum and Order (Doc. 22) – retaliation, mail censorship, and denial of access to courts.

**Jurisdiction and Venue**

In the Petition here, and in the original Petition filed in 25-3265, the Plaintiff in his first paragraph cites almost identical jurisdictional bases, with just one difference:

> This is a civil action authorized by 42 U.S.C. §1983 to redress deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under *K.S.A. 20-301*, 28 U.S.C. §1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 and 2202 (Doc 1) (*emphasis* added).

**The Named Defendants**

The Plaintiff named eleven (11) of the same defendants in this case, as in his original Petition filed in Case Number 25-3265. As of the filing of the Amended Petition and the Court's initial screening of Case Number 25-3265, all but one (1) of the remaining defendants in that case, are also named in this case.

**Legal Claims**

The legal claims asserted by the Plaintiff in this case are similar to those claims raised in Case Number 25-3265. In his Amended Petition in Case Number 25-3265, the Plaintiff listed his claims in fifteen (15) separate counts, assigning each count an amendment, or multiple amendments, to the U.S. Constitution, under which he claims a violation. Same here in this case, the Plaintiff assigned each of his ten (10) counts an amendment, or multiple amendments, to the U.S. Constitution, under which he claims a violation (Doc. 1).

As briefly stated above, the Plaintiff's claims in both this case and Case Number 25-3265 allege the unconstitutional restriction of Plaintiff's access to courts, censorship of mail and publications, and staff retaliatory conduct toward Plaintiff for exercising his right to free speech and his right to seek a judicial remedy for said alleged violations.

Plaintiff asks the Court to remand this case back to the Butler County District Court, in full (Doc. 19). In the alternative, Plaintiff requests that this Court sever what he has designated

as his "state law" claims, and remand Counts Six (6) through Ten (10) of his Petition back to the Butler County District Court (Doc. 19).  Failing that, Plaintiff asks this Court to remand Counts Three (3) and Five (5) of his Petition – those which he contends involve "state law" claims against defendant, Francisco Ayala, due to defendant Ayala's lack of consent to federal court jurisdiction.

Defendants do not dispute that some of the pending claims in this case, should they survive screening, would likely require this Court to review Kansas state statutes and regulations. However, the mere mention of state law does not prevent this Court from proceeding on all of Plaintiff's federal claims and exercising supplemental jurisdiction over any cause of action arising under the color of state law and out of the same facts.

Permitting these two cases to proceed, independently – one in state court and one in federal court – not only gives the Plaintiff two bites at the apple, but further encourages forum shopping and undermines the public interest in judicial economy.  While the exercise of supplemental jurisdiction is discretionary, "[s]upplemental jurisdiction promotes judicial efficiency and fairness to the parties by allowing related federal and state claims to be resolved in a single action." _Herington v. City of Wichita_, 314 Kan. 447, 463 P.3d 1168 (2021) (citing _Mine Workers v. Gibbs,_ 383 U.S. 715, 726 (1966)).

WHEREFORE, the Defendants hereby respectfully request that this Court deny all requests for remand, screen the Petition, and should any of Plaintiff's claims survive, join those claims with those filed in Case Number 25-3265.

Respectfully submitted,

*/s  Elizabeth E. Fowler*_____
Elizabeth E. Fowler            #27839
Legal Counsel
Kansas Department of Corrections
714 SW Jackson Street, Suite 300
Topeka, Kansas 66603
Phone:  785.600.0698
Fax:  785.783.6950
E-mail: elizabeth.fowler@ks.gov
Attorney for Defendants

## CERTIFICATE OF MAILING

I hereby certify that on this 1st day of May, 2026, a true and correct copy of the above and foregoing was filed via the Court's electronic filing system with a copy placed in U.S. mail, postage prepaid, addressed to:

Bradley Gillespie #2000086107
EDCF
PO Box 311
El Dorado, KS 67042

*/s/   Elizabeth E. Fowler*
Elizabeth E. Fowler
Attorney for Defendants