FILED
U.S. District Court
District of Kansas
11/02/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**BRADLEY GILLESPIE,**

**Plaintiff,**

**v.** **CASE NO. 26-1073-JWL**

**JEFF ZMUDA, et al.,**

**Defendant.**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (Doc. 20) and Motion to Admit Evidence (Doc. 21). Having reviewed the relevant pleadings and the applicable law, the Court finds Plaintiff's Motion to Remand should be granted, and Plaintiff's Motion to Admit Evidence is therefore denied as moot.

### I. Background

Plaintiff filed this action on March 3, 2026, in the District Court of Butler County, Kansas. (Doc. 1–1.) Plaintiff alleges his rights under Kansas and federal law were violated by the defendants, who are current and former employees of the Kansas Department of Corrections. Plaintiff names 15 defendants: Jeff Zmuda, Darcie Holthaus, Maria Bos, Allison Osborne, Larry Teach, Shelby Kreidler, Paul Runnels, Thomas Williams, Tyler Clark, Joshua Richert, Robin Leonard, Kyli Sparks, Jeremy Hoepner, Devyn Parks, and Francisco Ayala.

Eleven of the defendants were served with the Complaint on March 10, 2026. (*See* Doc. 1-1, at 80, 82-92. One defendant was served on March 16, 2026 (*id.* at 95), and one defendant was served on March 18, 2026 (*id.* at 96).[1] One defendant, Francisco Ayala, was not served at that time

[1] The state court records filed with the Notice of Removal contain no return of service for Kyli Sparks.

(*see id*. at 81), but according to counsel for the defendants, was served sometime between March 28 and May 1, 2026. (Doc. 23, at 5.)

On March 27, 2026, the 14 defendants who had been served filed a joint Notice of Removal (Doc. 1) based on Plaintiff's federal constitutional claims. Defendant Ayala has not filed notice of his consent to removal as of the date of this Order.

**II. Legal Standards**

If a civil action filed in state court satisfies the requirements for original federal jurisdiction, the defendants may remove the case to the federal district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). A defendant wanting to remove a case must file a notice of removal within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). Where, as here, the action is removed under § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

"The failure of one defendant to join in the notice renders the removal notice procedurally defective, which requires that the district court remand the case." *Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1172-73 (D. N.M. 2007) (quoting *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981)). This rule is commonly known as the "rule of unanimity." *See Brady*, 504 F. Supp. 2d at 1173.

There is disagreement among courts as to the required form of a defendant's consent to removal. Some courts "require independent and unambiguous notice of consent, such as by signing the notice of removal itself or by filing a clear, separate consent." *Paggen v. Heart of America Trans., Inc.*, No. 24-CV-1220-SMD-JFR, 2025 WL 1447246, at *4 (D.N.M. May 19, 2025); *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342–43 (D. Kan. 1997) ("Each party must

independently and unambiguously file notice of its consent and its intent to join in the removal within the thirty-day period.") (citing *Jarvis v. FHP of Utah, Inc.,* 874 F. Supp. 1253, 1254 (D. Utah 1995); *Barger v. Bristol-Myers Squibb Co.,* No. 93-2485-JWL, 1994 WL 69508 at *2 (D. Kan. Feb. 25, 1994); *Martin Oil Co. v. Philadelphia Life Ins. Co.,* 827 F. Supp. 1236, 1237 (N.D. W.Va.1993); *see Wilkins v. Correctional Medical System,* 931 F.2d 888, 1991 WL 68791, at *2 n. 2 (4th Cir. 1991) (Table)). Other courts have allowed a removing defendant to vouch for or represent that another defendant consents in the notice of removal. *Paggen*, 2025 WL 1447246, at *4.

There is also disagreement as to the timeframe for a defendant to consent to removal. Some courts hold that all defendants must consent within 30 days of the date the last defendant is served with the complaint. *Id.* (citing *see, e.g., Zambrano v. New Mexico Corr. Dep't*, 256 F. Supp. 3d 1179, at 1182-83 (D.N.M. 2017)). Other courts hold that a defendant has 30 days from the date of the notice of removal to consent. *Id.* This timeframe corresponds to the deadline for a plaintiff to move to remand. *See Centura Health Corp. v. Agnew*, No. 18-CV-569, 2018 WL 3454976, at *3 (D. Colo. July 18, 2018) ("to give any meaning to the procedural requirement that all defendants consent to or join a notice to remove, such consent or joinder must at the very least be filed before the plaintiff moves to remand.").

Because federal courts are courts of limited jurisdiction, "there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome." *Zambrano*, 256 F. Supp. 3d at 1182 (citing *see Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1095 (10th Cir. 2005) (quoting *Shamrock*

*Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *United States ex rel. King v. Hillcrest Health Ctr.*, 264 F.3d 1271, 1280 (10th Cir. 2001)). "All doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). "The removing defendant bears the burden of establishing that removal is proper." *Paggen*, 2025 WL 1447246, at *2.

**III. Discussion**

Plaintiff argues that all of the defendants did not consent to the removal, thus violating the unanimity rule. Summons were served on all but one defendant by March 18, 2026, and the notice of removal was filed on March 27, 2026. However, Defendant Ayala had not been served and was therefore unable to consent at that time. Counsel for Defendants stated in a filing on May 1, 2026, that Ayala "has since been served, and is now represented along with all other named defendants." (Doc. 23, at 5.) Under 28 U.S.C. § 1446(b)(2)(A), Ayala's consent to removal is required. However, no consent has been filed.

Counsel's statement indicates Ayala was served and is represented but does not specifically state that he consents to removal of the case to federal court. "There is nothing unfair about requiring each defendant to either sign the notice of removal, file its own notice of removal, or file a written consent or written joinder to the original notice of removal. Such a policy, while insuring the unanimity of removal, does not prevent any defendant from taking full advantage of the removal statute, and it is not a requirement which could be manipulated by plaintiffs to overcome the rights of defendants to remove." *Jarvis v. FHP of Utah, Inc.*, 874 F. Supp. 1253, 1255 (D. Utah 1995) (quoting *Martin Oil Co. v. Philadelphia Life Ins. Co.,* 827 F. Supp. 1236, 1238 (N.D.W.Va. 1993)). Whether Ayala had to consent within 30 days of being served or within 30 days of the notice of removal, if he attempted to file his consent now, it would be untimely.

## IV. Conclusion

Under the rule of unanimity and 28 U.S.C. § 1446(b), Defendants were required to obtain unanimous consent to removal from each served defendant. Defendant Ayala has not filed consent to removal. Particularly in light of the presumption against removal, the Court finds that the removal is procedurally defective, and the case must be remanded to state court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 20) is **granted**. The case is remanded to the District Court of Butler County, Kansas.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Admit Evidence is **denied as moot**.

**IT IS SO ORDERED**.

**Dated November 2, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**